## MILLER vs. NEW YORK OIL COMPANY*
### (No. 1293; Jan. 26, 1926; 243 Pac. 118.)
### (Rehearing Denied March 24th, 1926.)

GAS—NEGLIGENCE—INDEMNITY—LANDLORD AND TENANT—DAMAGES.

1. Evidence *held* to warrant finding that defendant was negligent in installing a gas water heater in bathroom of plaintiff's apartment house, in that chimney was so clogged as not to permit fumes to escape, thus rendering defendant liable for amount paid by plaintiff to satisfy judgment against him for death of tenant from asphyxiation.

2. If lack of proper means for escape of fumes was the result of negligence in installing gas water heater in bathroom without windows, company installing it must be charged with knowledge of danger of asphyxiation.

3. What constituted due care, which company installing gas water heater in bathroom without windows was required to exercise, must be determined with proper reference to known dangers incident to ordinary and intended use of heater.

4. The rule denying indemnity among wrong-doers *held* inapplicable, as against landlord seeking to recover amount paid to satisfy judgment against him for death of tenant by asphyxiation from fumes of gas water heater, negligently installed by defendant, as landlord's liability grew out of nondelegable duty to tenant, and his negligence was constructive rather than actual.

5. Where landlord, suing to recover amount paid by him to satisfy judgment against him for death of tenant caused by defendant's negligence, did not rely on such judgment as conclusive against defendant, a request of defendant to defend action against landlord was not necessary to fix defendant's liability.

6. Failure of indemnitee to request indemnitor to defend action, defended by indemnitee with full knowledge and consent, and on advice of indemnitor, did not bar recovery of attorney's fees in such action from indemnitor.

7. That landlord, satisfying judgment against him in action for death of tenant, denied his ownership of apartment house in such action, did not affect his right to indemnity from company negligently causing death, where he was in fact the owner.

8. That landlord seeking indemnity for damages paid by him for death of tenant, because of defendant's negligence, abandoned proceeding in error in death action, and settled judgment without defendant's consent, did not preclude recovery of indemnity.

*NOTE—See Headnotes (1, 2) 28 C. J. pp. 595 n. 94 New; 602 n. 19; (3) 28 C. J. pp. 590 n. 34; 591 n. 42, 49; (4) 31 C. J. p. 455, n. 69, 71; (5) 31 C. J. pp. 453 n. 50; 463 n. 58; (6) 31 C. J. p. 452 n. 33, 36 New; (7) 31 C. J. p. 447 n. 93 New; (8) 31 C. J. p. 453 n. 47 New.

APPEAL from District Court, Natrona County; ROBERT R. ROSE, Judge.

Action by H. E. Miller against the New York Oil Company for negligence in the installation of gas fixtures. Judgment for plaintiff and defendant appeals.

*Winter & Winter* for appellant.

The installation was made eight months prior to the death of Morton; it had been in constant and satisfactory use during that time, and appellant had received no notice of any defect. There was no obligation to make frequent inspection; Pernick vs. Gas Co., 170 N. Y. S. 245, and cases cited; only reasonable care on the part of the Company was required; Rockford Co. vs. Ernst, 68 Ill. App. 300; Smith vs. Co., 129 Mass. 318; Emerson vs. Co., 3 Allen

(Mass.) 410; Siebercht vs. Co., 21 N. Y. App. Div. 110; Hutchinson vs. Co., 122 (Mass.) 219; the rule as to liabilities of natural gas companies is the same as companies supplying artificial gas; Mississinewa Co. vs. Patton, 129 Ind. 427; 22 R. C. L. 135; the test is as injuries anticipated and not such as may arise; Colo. Co. vs. Giscomini, L. R. A. 1915 364; Seith vs. Co., 24 L. R. A. N. S. 978; Cohn vs. May, 69 L. R. A. 800; the burden was on plaintiff to prove reasonable care after notice; Union Co. vs. Co. (Calif.) 141 Pac. 807; Murphy vs. Gas Co., 150 Pac. 581; Woodburn vs. Co., 174 S. W. 730; Holly vs. Co., 69 Atl. 233; Sipple vs. Co., 102 S. W. 608; Quase vs. Co., 170 N. W. 942; an explosion does not establish a prima facie case or create a presumption of negligence; Hotel Co. vs. Co., 223 S. W. 975; Washington Co. vs. Eckloff, 4 App. D. C. 174; Greed vs. Co., 86 Atl. 95; Torrans vs. Co., 115 S. W. 389; there was proof of notice of negligence; Littleton vs. Richardson, 66 A. D. 760; no presumption of negligence was obtained; Central of Ga. vs. Light Co., 71 S. E. 1076; Machine Co. vs. Bradley, 50 N. E. 464; Pfarr vs. Standard Oil Company, 146 N. W. 851; it was the duty of the owner of the building to report defects; Grey vs. Light Co., 19 A. R. 327; City vs. Ry. Co., 160 S. W. 771; Miller cannot recover for the result of his own misconduct; Doles vs. Ry. Co., 75 S. E. 722; Telephone & Telegraph Co. vs. Light Co., 179 S. W. 388; appellant was not in a worse case than that of the indemnitor; an indemnitor must be released from liability, if deprived of opportunity to obtain reversal of judgment for damages; Robb vs. Trust Co., 121 Fed. 460.

*M. F. Ryan* for respondent.

Where all necessary elements to warrant the findings and judgment are proven, plaintiff is entitled to recover, even though appellant had no notice of the original action, nor opportunity to defend; 14 R. C. L. 52-54; express notice to an indemnitor to defend a prior suit is unneces-

sary, if he knew the suit was pending and could have defended it; 14 R. C. L. 63; a promise of general indemnity is broken by the recovery of a judgment against the promisee, and he may maintain action on it without proof of the payment of judgment; Brooks vs. Macnuemara, (Md.) 1 Har. & McH. 80; Stroh vs. Kimmel, 8 Watts 157; Smith vs. C. N. W. Ry., 18 Wis. 17; a remedy over against indemnitor exists; Washington Co. vs. Dist. Columbia, 161 U. S. 316; Town vs. Woods, 57 Ind. 192; City of Chicago vs. Robbins, 67 U. S. 418; Gillilan vs. Nixon, 26 Ill. 50; the doctrine of contribution also applies; Owen vs. McGeehee, 61 Ala. 440; Chadler vs. Brainard, 14 Pick (Mass.) 285; by notice and opportunity to defend, the defendant was concluded in any subsequent litigation between the parties as to all questions determined in the first action; R. R. Co. vs. Co., 127 N. E. 532; under the facts proven here, plaintiff was entitled to recover without notice to New York Oil Company of the former action; Sweet vs. Atkinson, 182 N. W. 793; Pfau vs. Williamson, 63 Ill. 16; Gas Co. vs. Road Co., 41 N. E. 955; where indemnitors are obligated to defend and defense is tendered and refused, indemnitors are liable; Northern Co. vs. Jordan, 184 N. W. 39; Pixley vs. Gould, 13 Ill. App. 565, 569.

*Winter & Winter* in reply.

The court found that Miller was liable for negligence in the original case which renders the authorities cited by respondent inapplicable. Notice was necessary to fix any liability whatsoever upon appellant; Newcastle vs. Kurtz, 69 L. R. A. 492; conditions causing the accident were the result of Miller's negligence, and arose long after the installation, hence he should not recover; 9 Cyc. 807; Miller was not defending in the original suit against the act of another against whom he had a remedy over, but was a defendant for misfeasance of his own; Gray vs. Gaslight Co., 19 A. R. 327; Machine Company vs. Bradley et al., 50 N. E. 464.

KIMBALL, Justice.

In April, 1921, the defendant and appellant, New York Oil Company, a corporation, engaged in furnishing natural gas to the inhabitants of Casper, installed a gas water-heater in a bathroom of an apartment house belonging to H. E. Miller, the plaintiff and respondent. On December 28, 1921, A. J. Morton, a tenant in the apartment house, came to his death while taking a bath in that room. A post mortem examination disclosed that Morton died from asphyxiation due to carbon dioxide, and the cause of death was not disputed. There is no reason to doubt that the poisonous gas inhaled by the deceased was caused by ordinary use of the gas water heater. Morton's administrator sued Miller, alleging that the intestate's death was caused by Miller's negligence. The charge of negligence in that action is contained in the following allegations of the petition:

"That the vent pipe to carry off the fumes (from the gas water heater) was connected with a stove pipe which was clogged up with soot, which prevented the fumes from escaping; that there was no provision made for supplying said bath room with fresh air and that said room was entirely without ventilation; that by reason of said improper installation of said gas heater, and by reason of the bath room not being ventilated, the oxygen was all consumed by said heater, and the said A. J. Morton, not knowing of the dangerous condition of said bath room, on the evening of December 28th, 1921, went to said bath room for the purpose of taking a bath and while so engaged came to his death from carbon dioxide poisoning and that the said H. E. Miller, well knew of the dangerous condition of said bath room.

"That notwithstanding the fact that prior to the 28th day of December, 1921, the dangerous condition of said bathroom was well known to the defendant H. E. Miller, he, the said defendant, failed and neglected to either put

the same in a safe condition, or notify the deceased of said dangerous condition.''

As early as the day following Morton's death the New York Oil Company had knowledge thereof, and investigated conditions at the scene of the fatality. When suit was being threatened by the administrator against Miller, and again after the suit was commenced, Miller conferred with the company's officers about the matter, but did not request that the company defend that action, nor offer to permit it to do so. The officers of the company suggested to Miller, however, that he employ the company's attorneys to defend the action. This he did after being introduced to those attorneys by a representative of the company. On the trial of that action the jury found for the administrator fixing the damages at $3750, and the verdict was followed by a judgment for that amount and costs. While steps were being taken to perfect a proceeding in error to have that judgment reviewed by this court, Miller paid the administrator $2500; the judgment was satisfied and released and the proceeding in error abandoned.

Thereafter Miller brought this action against the New York Oil Company for indemnity, claiming that Morton's death had been caused by defendant's negligence in installing the heater. He prayed judgment for the full amount of the judgment in the former suit, and $250 paid his attorneys in that suit. The present action was tried without a jury, and the court, finding separately its conclusions of fact and law, rendered judgment for plaintiff for $2500, the amount paid in satisfaction of the former judgment, and $250 attorneys' fees. The plaintiff's contention that he should have had judgment in this case for the full amount of the former judgment instead of only $2500, need not be considered, as he has not appealed.

The court's finding in this case on the issue of negligence is contained in the following excerpts from the findings of fact:

"That during the spring of 1921, the defendant, at the instance and request of plaintiff, did install in the bathroom of said apartments a certain gas water heating appliance; that no instructions were given by the plaintiff to the defendant as to the manner of the installation of said water heating appliance, other than that the same was to be installed in a safe manner, and particularly with due respect to the necessary ventilation of said bathroom; that the said water heating appliance was installed by said defendant in the bathroom of said apartments negligently and in such manner as to constitute a menace to the lives of persons using said bathroom, in this, that the said water heating appliance was installed therein without provision being made for the proper and necessary ventilation of said bathroom, and in this, that at the time of the installation of said water heating appliance in said bathroom the chimney, through which provision was made by defendant company to vent the fumes from said water heating appliance, was so clogged as not to permit the proper and necessary escape of the fumes from said heating appliance through said chimney and out of said bathroom, and that the said defendant company did not advise the plaintiff at the time of the installation of said appliance, or at any time thereafter, of the insufficient ventilation of said bathroom but that, on the contrary, the defendant at the time of the installation of said appliance told the plaintiff that the said bathroom was in fact sufficiently ventilated;

"That on the 28th day of December, 1921, one A. J. Morton, he then being a tenant of the plaintiff in said Miller Apartments, came to his death while making proper and necessary use of said bathroom, and that his death resulted from the negligence of the defendant company

in the improper and unsafe installation of said water heating appliance in said bathroom;

"That defendant, at the time of the installation by it of said appliance in said bathroom knew that the said bathroom with said appliance as installed by the defendant was unsafe."

It is contended that the foregoing findings are not supported by evidence. The bathroom in question was not connected with any particular apartment, but was for the common use of tenants among whom was the deceased. The room was 9 ft. wide, 12 ft. long and 8 ft. high. It had no window or other means of ventilation. When the door was closed as, of course, it would be when the room was in use, the only opening was a crack under the door. There was evidence that it was dangerous to use a gas water heater in a bathroom of this kind, and if the heater installed in such a room was not provided with proper and sufficient means for escape of the fumes from the heater, the trial judge was warranted in finding, as he did, that it was a positive menace to the lives of persons using the room in the ordinary way. Such a condition of danger would not ordinarily be known to Morton or Miller, and there is no claim that either of them did know of it. There is no evidence of any warning of danger, and the court's finding that Miller was told that the room was sufficiently ventilated finds support in his testimony, though denied by defendant's witnesses. The danger may not have been known to defendant, but if the condition was the result of negligence in installing the heater, the defendant must be charged with knowledge.

We must concede, as defendant contends, that it assumed no duty to inspect or maintain the heater, and that it was not liable as an insurer. Its duty was to exercise ordinary or due care in installing the heater, and the plaintiff was required to prove that the duty had not been performed. What was due care, however, must be deter-

mined with proper reference to the known dangers that would be incident to the ordinary and intended use of the heater. Gould v. Winona Gas Co., 100 Minn. 258, 111 N. W. 254; Smith v. Boston Light Co., 129 Mass. 318; Barabe v. Duhokop Oven Co., 231 Miss. 466, 121 N. E. 415; Marshall Window Glass Co. v. Cameron Oil & Gas Co., 63 W. Va. 202, 59 S. E. 959. The defendant, in installing the heater, was required to take all reasonable precautions to guard against known dangers that would arise from ordinary use. It knew that the heater should be provided with proper and sufficient means for escape of fumes. By the testimony of its own witnesses it is shown that the installation was defective if the vent pipe of the heater was connected with a clogged chimney. Cleaning such chimneys was a part of defendant's business for which it had an established charge. The court found as a fact that when the gas heater was installed this chimney "was so clogged as not to permit the proper and necessary escape of the fumes." If this was so, we think there can be no doubt that defendant had failed to use the care required of it, and was therefore negligent. The finding of this fact is most earnestly challenged. Whether there is substantial evidence to support the finding is the vital question in the case. In discussing this question we shall refer briefly to some further evidence.

Before the gas heater was installed, the bathroom contained a coal-burning heater with a six-inch stove-pipe leading to the chimney. This coal-burning heater was not removed, but, as defendant's witnesses testified, was left there at the request of plaintiff who stated that he wanted to use it for burning trash. In installing the gas heater, the vent pipe therefrom (a 3 or 4 inch pipe) was connected with the pipe of the coal-burning heater a few inches from the chimney. This method of installation, as shown by testimony, was a not uncommon practice. As so arranged, fumes from the gas heater when in use would

escape through the pipes and chimney so long as they remained open. There can be no doubt that the chimney was badly clogged at the time of the accident. When, on the day following the accident, the defendant's employees examined the chimney, it was so clogged that light from above could not penetrate it. Two buckets of refuse were removed. This refuse, according to defendant's evidence, was soot and pieces of partly burned paper, mortar and brick. Standing alone, this evidence as to the condition of the chimney in December, was probably not sufficient to justify the inference that the chimney was clogged in April, when the gas heater was installed. The defendant contended that the defective condition of the chimney in December was caused by use of the coal heater between April and December, and introduced uncontradicted evidence to show that most of the refuse taken from the chimney in December must have been caused by using the coal heater. There was no direct evidence that the coal heater was used between April and December. On the other hand, plaintiff's wife, who had charge of the apartments, testified that it had not been used during that time, and she was corroborated by the testimony of two other witnesses who had lived in the apartments. If the trial judge believed this testimony, he would be forced to the conclusion that most of the refuse was in the chimney when the gas heater was installed. The defendant was unable to produce as a witness any employee who either cleaned out or inspected the chimney at the time the gas heater was installed. Several workmen who were employed by defendant at that time and engaged in work about this apartment house testified at the trial, but it was claimed that the employee who actually installed the gas heater could not be found.

The defendant argues that the gas heater must have been properly installed in April, and that the accident in December must have been due to negligence in its main-

tenance or operation, because it was used from April to December without evidence of any defect. A premise of this argument is not entirely unquestioned. There was testimony that the heater was "acting up" at Thanksgiving time; that on notice thereof to defendant a man was sent to inspect the heater, and that after the inspection plaintiff's wife was informed that the heater was in order. But the trial court probably did not consider this testimony of much weight. How the stove was "acting up" was not shown, and the court did not find that defendant was negligent in anything done or omitted at that time. The fact that the heater had been used for several months without any one being injured was entitled to much weight, and had a strong tendency to prove that the heater was not improperly installed. We do not think, however, that that fact required the trial court to make a different finding on the question of negligence. It was shown by testimony of defendant's witnesses that, under conditions favorable to proper combustion, the heater would burn safely without any means whatever for escape of fumes. The vent was necessary to take care of fumes from imperfect combustion. While the danger from such fumes was one to be anticipated and guarded against, it was not constant. Further, if, when the heater was installed, the chimney was so clogged as not to permit the proper and necessary escape of the fumes, it was reasonable to infer that the danger would increase with ordinary use. It is to be gathered from evidence introduced by defendant that, while in the ordinary use of the gas heater the passing off of its fumes would not tend to clog a clean chimney, a dirty chimney would be rendered more dangerous by such use because of the action of the fumes on the particles of soot already in the chimney. We think we would not be justified in holding as a matter of law that the facts found by the trial judge are not supported by substantial evidence.

It is contended that the plaintiff had no right to indemnity because he and defendant were joint tort feasors, and there can be no contribution or indemnity among wrongdoers. The principle relied upon has its foundation in Merryweather v. Nixan, 8 T. R. 186. By later decisions the field of its operation has been much limited. Its application in England is confined to those cases where the person seeking redress must be presumed to have known that he was doing an unlawful act. Adamson v. Jervis, 4 Bing. 66. It has so many exceptions that it has been said in this country that it can hardly with propriety be called a general rule. Bailey v. Bussing, 28 Conn. 453. It sometimes is treated as being itself an exception to the broader general principle, that whenever the wrongful act of one person results in liability being imposed on another, the latter may have indemnity from the person actually guilty of the wrong. Baltimore & O. R. Co. v. Howard Co., 113 Md. 404, 414, 77 A. 930. We think the rule denying indemnity in certain cases, has no application to the facts found by the trial judge in the case at bar. The controlling principle for this case is found in the following from Gray v. Boston Gas Light Co., 114 Mass. 152, 19 Am. Rep. 324:

"Whenever two parties, acting together, commit an illegal or wrongful act, the party who is held responsible in damages for the act cannot have indemnity or contribution from the other, because both are equally culpable, or *particeps criminis,* and the damages result from their joint offense. This rule does not apply where one does the act or creates the nuisance, and the other does not join therein, but is merely exposed to liability and suffers damage. He may recover from the party whose wrongful act has thus exposed him. In such case the parties are not in *pari delicto* as to each other, though as to third persons either may be held liable."

The defendant stresses the fact that plaintiff was adjudged guilty of negligence in the former suit by Morton's administrator. This, of course, is true, but plaintiff's liability in that suit grew out of his duties as owner of the apartment house. The trial court in the present action found as a fact that the "cause of action alleged in plaintiff's petition" in the action of the administrator against Miller, "was for the same acts of negligence set out in plaintiff's petition" in the present action. Under this finding, and, in fact, under the other findings hereinbefore discussed, plaintiff's liability grew out of a non-delegable duty he owed the deceased. Ramirez v. City of Cheyenne, (Wyo.), decided December 15, 1925. His negligence was constructive rather than actual. Lowell v. Boston & L. R. Corp., 23 Pick. 24, 34, 34 Am. Dec. 23; Churchill v. Holt, 127 Mass. 165, 34 Am. Rep. 355; Chesapeake & O. Canal Co. v. Commissioners, 57 Md. 201, 223, 40 Am. Rep. 430; Waterbury v. Waterbury Traction Co., 74 Conn. 152, 164, 50 A. 3.

Our conclusion as to the right to indemnity under the facts of the present case finds support in the many authorities cited in notes to Scott v. Curtis, 195 N. Y. 424, 88 N. E. 794; Robertson v. Paducah, 146 Ky. 188, 142 S. W. 370, and Grand Forks v. Paulsness, 19 N. D. 293, 123 N. W. 878, as reported in 40 L. R. A. (N. S.) pp. 1147, 1153 and 1158, and to Griffiths & Son Co. v. National Fireproofing Co., 310 Ill. 331, 141 N. E. 739, as reported in 38 A. L. R. 559, 566. The defendant seeks to distinguish some of these cases because the party seeking indemnity was a municipal corporation that had been held liable for the tort of another. We think, however, that the analogy between those cases and this is plain enough. As said in Washington Gas Co. v. Dist. of Columbia, 161 U. S. 316, 328, 16 S. Ct. 564 (40 L. ed. 712), the rule permitting the city to recover indemnity in such cases "is not predicated on the peculiar or exceptional rights of municipal corporations. It is general in its nature."

The defendant contends that it could not be liable for indemnity unless it was requested to defend the former action by the administrator against Miller. It seems, however, that such a request is not necessary to fix liability, and is only important in those cases where the plaintiff in the suit for indemnity seeks to rely on the former judgment as conclusive of the facts litigated in the former action. Port Jervis vs. Bank 96 N. Y. 550; 14 R. C. L. 61; 31 C. J. 453. In the case at bar the plaintiff did not rely on the former judgment as conclusive against defendant on any issue in that case or in this.

It is contended that the court erred in including in the judgment the amount of the plaintiff's attorneys' fee in the former action. It is not claimed that the plaintiff acted unreasonably in contesting that action nor that the fee paid the attorneys was unreasonable in amount, but that such fees were not allowable as damages in this action in the absence of a request of defendant to defend the former action. We think, as sufficiently appears from the findings of fact already discussed, that the plaintiff in this case in defending the former action against him was defending the act or negligence of the present defendant. That seems to furnish the basis for the right to recover attorneys' fees as part of the damages in cases of this kind. Chesapeake & O. Canal Co. v. Commissioners, 57 Md. 201, 226; 40 Am. Rep. 430; Westfield v. Mayo, 122 Mass. 100, 23 Am. Rep. 292. Whether the indemnitee can recover such fees in the cases where the indemnitor was not requested to defend seems to be doubtful under the authorities. See cases cited 31 C. J. 452 and 14 R. C. L. 59. Ireland v. Linn County Bank, 103 Kan. 618, 176 Pac. 103 and Fairfield v. Day, 71 N. H. 63, 51 A. 263, are examples of cases taking opposite views. The circumstances surrounding the notice of the former suit and the employment of counsel to defend it warrant a full quotation of the trial court's findings on that matter. They follow:

"That on the 29th day of December, A. D. 1921, defendant, New York Oil Company, by its representatives, had full knowledge of the death on the 28th day of December, 1921, of the said A. J. Morton, and that thereafter plaintiff herein, H. E. Miller, informed defendant New York Oil Company of the death of said deceased, and of the cause thereof, but that plaintiff, H. E. Miller, did not offer to permit said defendant New York Oil Company, and did not request the said defendant New York Oil Company to defend the said action No. 3045; that defendant New York Oil Company advised the said H. E. Miller to employ its, the said New York Oil Company's attorneys, Messrs. Winter & Winter, to represent the said Miller in said cause No. 3045; that an officer of the defendant New York Oil Company introduced the said Miller to said attorneys Winter & Winter, and that said Miller did employ said attorneys Winter & Winter to represent him, and that said attorneys did represent him in the defense of said cause numbered 3045, they, the said Winter and Winter, being at all times herein mentioned the attorneys for said New York Oil Company."

The action described as case "No. 3045" was the action by Morton's administrator against the present plaintiff.

In the circumstances shown by the foregoing findings it seems to us that the plaintiff should not be held to a strict accountability for his failure to make a specific request that defendant assume the defense of the former action, even if such a request would ordinarily be required. It is clear, at least, that the plaintiff undertook the defense of the former action and incurred the expense of employing attorneys therein with the full knowledge and consent, and on the advice, of the defendant. In John Wanamaker v. Otis Elevator Co., 186 App. Div. 655, 175 N. Y. Supp. 78, 82, it was said:

"If the costs, expenses, and counsel fees were reasonable and proper, and were incurred with the consent of the defendant, the right of the plaintiffs to recover such expenditures as part of the natural and direct consequence of the defendant's wrongful act cannot be doubted."

Both in the former action and in this the plaintiff in this action was adjudged to be the owner of the apartment house in question, and we must take that as an established fact. In the trial of the former action he asserted that the property belonged to his wife who then held the legal title. Because the plaintiff made that claim in the former action, the defendant argues that he had no right to indemnity, but we do not see the force of the argument. No authorities are cited to support it. Defendant says that when Miller denied ownership he was making a defense personal to himself, and which could not have been made by defendant if it had been defending the action brought by the Morton's administrator. This may be conceded, but we do not see how it affects the right of plaintiff to indemnity if in fact he is the owner of the property.

It is also claimed that plaintiff was precluded from recovering because he abandoned his proceeding in error and settled the judgment in the former action without the consent of the defendant. We find no authority to support the contention, and know no principle that would prevent the plaintiff from abiding by the judgment of the district court if he saw fit to do so. The cited case of Robb v. Security Trust Co., 121 Fed. 460, 57 C. C. A. 576, is not in point. There, the indemnitor was defending at his own expense.

Other points made by defendant have been considered, but do not in our opinion require discussion. We find no prejudicial error in the record, and the judgment will be affirmed.

*Affirmed.*

POTTER, Ch. J., and BLUME, J., concur.