### CURACAO TRADING CO., Inc., v. FEDERAL INS. CO.

District Court, S. D. New York.

Sept. 17, 1942.

See also 40 F.Supp. 846; 2 F.R.D. 265; 50 F.Supp. 441; 3 F.R.D. 203.

Gustave Simons, of New York City, for plaintiff.

Bigham, Englar, Jones & Houston, of New York City, for defendant.

CONGER, District Judge.

Plaintiff and defendant both move to retax the bill of costs in the above entitled action. The defendant contends that the taxable costs should include the sum of $230.40 representing disbursements for stenographers fees for the taking of depositions. The clerk allowed one-half of this amount. The defendant also asks that the sum of $95.75, representing disbursements for obtaining copies of depositions taken by the plaintiff, be included in the bill of costs. This expenditure was disallowed by the clerk.

The plaintiff, on the other hand, requests that the bill of costs be reduced $115.20, claiming that no part of the disbursements for stenographers' fees for the taking of depositions by the defendant should be allowed in view of the fact that the depositions were taken for the purpose of trial and the action was dismissed before trial on defendant's motion for summary judgment.

Under Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, depositions may be used either for the purpose of discovery or as evidence. In the case at bar the motion for summary judgment was not made until after the depositions were taken. Undoubtedly, facts adduced at the taking of such deposition were instrumental to some extent in prompting defendant's counsel to move for summary judgment. This is apparent from the letter of plaintiff's counsel to Judge Clancy, a copy of which is attached to the affidavit of Theodore E. Woolcott submitted on this motion, wherein it is specifically stated that questions and answers from the depositions were quoted in the moving affidavits on that motion.

The fact that no trial was had is no reason for disallowing, as costs, expenditures incurred by the defendant in the taking of depositions. The depositions were reasonably necessary, and the disbursements made in obtaining them are a proper item of costs. The defendant should be allowed the full amount of such expenditures. See Schmitt v. Continental-Diamond Fibre Co., D.C., 1 F.R.D. 109.

However, the disbursements made by the defendant in obtaining copies of the depositions taken by the plaintiff were properly disallowed. Cf. Odum v. Willard Stores, Inc., D.C., 1 F.R.D. 680.

The motion of the defendant is granted to the extent of directing that the bill of costs be retaxed so as to allow the sum of $230.40 as disbursements for stenographers fees for the taking of depositions. The plaintiff's motion is denied.

Settle order on notice.