399 So.2d 77 (1981)
CRYSTAL RIVER ENTERPRISES, INC., a Florida Corporation, Appellant,
v.
NASI, INC., a Florida Corporation, Appellee.
No. 80-1214.
District Court of Appeal of Florida, Fifth District.
May 27, 1981.
*78 Peter Langley, III, Yankeetown, for appellant.
John Russell, P.A., Homosassa Springs, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Crystal River Enterprises, Inc. appeals a judgment obtained by appellee, NASI, Inc. Crystal River agreed with International Motel Brokers to sell its motel for $1,600,000 plus a $50,000 commission. The broker brought the president of NASI to see the motel. A few days later NASI's president and the president of Crystal River met privately and arranged the purchase and sale of the motel for the $1,600,000 providing NASI would indemnify Crystal River for any brokerage commission arising from the transaction.
International Brokers sued Crystal River for the commission. A default judgment was entered against Crystal River. Crystal River then sued NASI on the indemnity agreement. NASI pleaded several affirmative defenses including Crystal River's negligence in failing to notify NASI of the pending suit thus depriving it of an opportunity to defend, and Crystal River's negligence in defending the action and moving to obtain relief from the default judgment. During the trial, the court refused to admit evidence concerning the merits of the suit filed by International Brokers. This appeal was taken from the judgment in favor of NASI. We REVERSE and REMAND for new trial.
The indemnity agreement did not require notice to NASI of any pending claim or suit for brokerage fees. Generally, in the absence of a specific provision in the indemnity agreement, there is no requirement to notify the indemnitor to come in and defend as a condition precedent to recovery. Boston & Maine Railroad v. Bethlehem Steel Co., 311 F.2d 847 (1st Cir.1963). See also 42 C.J.S. Indemnity § 15 (1944). Because Crystal River had no duty to notify NASI, the failure to notify did not constitute negligence which would bar recovery.
*79 However, NASI, not having an opportunity to defend, is not bound by the judgment in the suit by the broker against Crystal River. The prior judgment is, at most, prima facie evidence, and the burden of proof is on the indemnitee to establish all actionable facts. The indemnitor is free to contest the validity of the judgment and the liability of the indemnitee. 42 C.J.S. Indemnity §§ 26, 32(2) (1944); MacArthur v. Gaines, 286 So.2d 608 (Fla.3d DCA 1973). Accord, United New York Sandy Hook Pilots Ass'n v. Rodermond, Ind., 394 F.2d 65 (3rd Cir.1968).
NASI also argues that Crystal River was negligent in allowing a default judgment to be entered and that an indemnitee should not be allowed to recover for its own negligence. Here, the intent to indemnify Crystal River for any brokerage fees was clear and unequivocal and the indemnification is unrelated to any act or failure to act on the part of Crystal River. Crystal River is required to prove all actionable facts to recover on the indemnity agreement. If Crystal River fails to carry its burden of proof, NASI is not required to indemnify Crystal River despite the judgment against it. Liability is based on the agreement and not on the prior judgment against Crystal River. The same result would have occurred even if Crystal River had been negligent in failing to defend the prior suit, because that negligence could not be the proximate cause of NASI's loss and would not preclude recovery on the idemnity agreement.
We therefore REVERSE and REMAND for new trial.
SHARP and COWART, JJ., concur.