Kenneth L. ROTHEY, Trustee of the
Belnap Family Trust, Plaintiff and
Respondent,

v.

WALKER BANK & TRUST COMPANY,
aka First Interstate Bank of Utah, a
Utah banking corporation, Defendant
and Appellant.

FIRST INTERSTATE BANK OF UTAH,
a Utah banking corporation,
Counterclaim Plaintiff and Appellant,

v.

Kenneth L. ROTHEY, Trustee of the Bel-
nap Family Trust, Barbara Sine, Jaynie
Belnap, LeGrande P. Belnap, Arlene B.
Waldron, Leslie W. King, Petty Invest-
ment Company, Petty Motor Company,
Rachel Lunt, Doris Bagley Belnap, and
First Security Bank of Utah, N.A.,
Counterclaim Defendants and Respon-
dents.

No. 19570.

Supreme Court of Utah.

May 16, 1988.

Bruce A. Maak and Thomas B. Green, Salt Lake City, for Walker Bank.

Duane R. Smith, Salt Lake City, for Rothey.

HOWE, Associate Chief Justice:

This dispute arises out of a trust deed executed in 1963 by Utahna Petty Belnap to secure her $30,000 promissory note to Walker Bank & Trust Co. (the Bank). The trust deed contained provisions that the trustor (Belnap) would appear in and defend any action purporting to affect the security, title to the property, or rights of the trustee or beneficiary (the Bank) and that should the trustee or beneficiary elect to defend in any such proceeding, the trustor would pay "all costs and expenses, including cost of evidence of title and attorney's fees...."

Following Utahna's death in 1972, her husband, LeGrande L. Belnap, brought two suits against the Bank challenging the validity of the deeds by which Utahna obtained title to the real property she had pledged to secure the note. Other issues were raised that are not germane to the present dispute.

In January of 1976, during the pendency of Utahna's probate proceeding, her other heirs entered into a stipulation with LeGrande awarding him title to the property provided he hold the estate and the heirs harmless from any litigation or claims on account of the property. Subsequent to the stipulated agreement, the Bank received permission to amend the answer which it had filed in the two suits and to file a counterclaim seeking foreclosure of the trust deed and, in accordance with the provisions of that document, attorney fees for defending the title to the property. The amended pleadings were never filed, and no attorney fees were awarded. Apparently, the foreclosure was not pursued because the default was cured.

LeGrande married Doris Bagley Belnap, and in January of 1978, the property was conveyed to the Belnap family trust. In July of 1978, the first of the two suits was dismissed with prejudice. In December of 1979, the Bank was granted a summary judgment in the second action, the court ruling that the trust deed was a valid first lien on the property. LeGrande unsuccessfully appealed from these rulings. *Belnap v. Walker Bank & Trust Co.*, 627 P.2d 47 (Utah 1981).

LeGrande died in January of 1981. Again, payments on the promissory note became delinquent, and the Bank scheduled a nonjudicial trustee's sale for July of 1981, seeking $15,009.47 in principal and interest on the note and $26,259.13 in attorney fees and costs it had incurred in defending the two earlier actions. Kenneth L. Rothey, trustee of the Belnap family trust, instituted the instant action, seeking to enjoin the trustee's sale and to obtain a declaration that the fees and costs claimed were unreasonable. The court granted a temporary injunction conditioned upon payment of the principal and interest due on the note. The Bank counterclaimed, seeking judicial foreclosure of the trust deed and a determination of the fees and costs due it.

The trial court, in detailed findings, found the following facts: the trust deed was a valid lien on the property; the earlier actions were direct challenges to the security of the trust deed; the Bank defended these actions and incurred attorney fees in so doing; no attorney fees were sought in the earlier actions; the statements of the Bank's lawyers for those fees were never delivered to the successors of Utahna Belnap; and certain of their statements commingled charges for the defense of the two prior suits with unrelated matters for

which the Bank was not justified in charging fees under the trust deed.

From these facts, the court concluded that the trust deed allowed for attorney fees expended in defense of the prior actions, but that the Bank had failed to show that the amount claimed was a reasonable fee and that all of the claimed fees were incurred in defending the security of the trust deed. The court further held that since the Bank failed to place LeGrande Belnap or his successors on notice that it was claiming the attorney fees incurred in the prior suits, it was now estopped from claiming any fees. The Bank appeals from this ruling.

The Bank contends that the estoppel imposed by the trial court was not pleaded or argued by the parties and that there is no evidence to support an estoppel. In his reply to the Bank's counterclaim, plaintiff set forth the following:

*Fifth Defense*

The defendant is barred and estopped to make a claim for the costs, expenses and attorney's fees in that defendant failed to give notice to the estate of Utahna P. Belnap as to said costs, expenses and attorney fees....

We need not resort to "liberal construction" of the pleadings to determine that plaintiff's reply to the Bank's counterclaim raised the defense of estoppel relied on by the trial court in its holding. However, having determined that estoppel was properly raised, we must now see if the trial court properly applied that doctrine.

■ Under the terms of the trust deed which she executed, Utahna Belnap was obligated to indemnify the Bank for costs and expenses it incurred in defending the validity of the trust deed or title to the underlying real estate. As a general rule, unless the contract of indemnity otherwise provides, it is not necessary that the indemnitee notify the indemnitor of an action that is being brought against the indemnitee respecting the liability indemnified against or of payment by or damages to the indemnitee. 42 C.J.S. *Indemnity* § 15 (1944). In the instant case, the trust deed

provided that the trustor agreed to pay immediately and without demand all sums expended by the trustee; and the failure of the Bank to promptly enforce its rights should not operate as a waiver. This provision would seem to obviate any requirement of notice and demand by the Bank upon LeGrande Belnap. Moreover, Belnap had notice of the two actions filed against the Bank which triggered his liability for the payment of attorney fees and costs since he was the plaintiff in those actions and, being legally liable for payment of the note, was chargeable with knowledge of the provisions of the trust deed. This is not a case where the indemnitee attempted to conclusively bind the indemnitor to pay amounts, costs, or fees which were determined and fixed in a prior action but of which the indemnitor had no knowledge or opportunity to litigate. *See Crystal River Enterprises, Inc. v. NASI, Inc.*, 399 So.2d 77 (Fla.Dist.Ct.App.1981); *Boston & Maine Railroad v. Bethlehem Steel Co.*, 311 F.2d 847 (1st Cir.1963); *Miller v. New York Oil Co.*, 34 Wyo. 272, 243 P. 118 (1926).

■ While notice is not generally necessary, the general rules of estoppel apply to the operation and effect of a contract of indemnity as between indemnitor and indemnitee. 42 C.J.S. *Indemnity* § 18 (1944). Our own case law establishes that equitable estoppel precludes a party from asserting rights against another when the other party has justifiably relied on the acts, admissions, representations, or silence of that party and changed position so that he will suffer injury if the former party is allowed to repudiate his conduct. *Parks v. Zions First National Bank*, 673 P.2d 590 (Utah 1983); *Leaver v. Grose*, 610 P.2d 1262 (Utah 1980); *J.P. Koch, Inc. v. J.C. Penney Co.*, 534 P.2d 903 (Utah 1975). To find estoppel, three elements must be present: (1) a representation, act, or omission, (2) justifiable reliance, and (3) a change of position to one's detriment based on that reliance. *Baggs v. Anderson*, 528 P.2d 141 (Utah 1974).

■ The trial court found that the statements for the attorney fees incurred by the Bank were never sent or shown to Le-

Grande Belnap, nor were any steps taken to advise him as to the nature and amount of the fees claimed. However, no finding was made regarding any of the elements of estoppel described above. Even if the Bank's silence could be construed as a representation that the Bank was not claiming the fees expended in defending the earlier actions, there is no finding or evidence to indicate any reliance on such a representation. The language of the trust deed also raises questions whether any such reliance, if it could be shown, would be justified. At any rate, there is no finding that plaintiff made a detrimental change of position. In the absence of findings on the essential elements of estoppel, the trial court's holding cannot stand. The mere failure to give notice of the fees as they were incurred is not sufficient to estop the Bank from asserting its rights under a valid trust agreement. While the trial court was concerned that LeGrande Belnap and his successors should have been afforded a reasonable opportunity to examine the charges of the Bank's attorneys to determine whether they were legitimate and reasonable, the delay of the Bank in making demand upon plaintiff for such charges would seem to work against the Bank as much as against plaintiff. The burden of proof was upon the Bank to establish the necessity for and reasonableness of the fees it was claiming. The long lapse of time worked against the carrying of that burden as memories dimmed.

In this connection, the trial court found that it was unable to determine what portion of the time listed on the statements was reasonable and what was unreasonable and unrelated expense. As a consequence, the court denied any award of attorney fees for defense of the prior actions but did award $3,000 for the Bank's fees in connection with its counterclaim for foreclosure in the instant action. We are not unsympathetic to the problem before the trial court. However, it appears to us that since the burden of proof was upon the Bank, the court could properly reject statements which contained charges for services unrelated to the defense of the trust deed or which commingled proper and improper charges, without rejecting charges on other statements which did not suffer from that defect and confusion. We do not believe that the confused statements should poison others if they appear legitimate and reasonable. Plaintiff does not deny that the Bank incurred some costs and expenses in defending the trust deed, and the Bank should not be denied all fees because some of its evidence was unclear. We therefore remand this case to the trial court for a redetermination of the fees, costs, and expenses in accordance with these guidelines.

Plaintiff Rothey has cross-appealed, assailing the rejection by the trial court of res judicata and accord and satisfaction as defenses to the Bank's claim for fees and costs. The trial court did not rule on the applicability of res judicata to the facts of this case, but held that plaintiff had failed to raise that defense in the pleadings. Rule 8(c) of the Utah Rules of Civil Procedure requires that affirmative defenses such as estoppel, laches, accord and satisfaction, res judicata, etc., be set forth in the responsive pleadings. When such defenses are not properly set forth, they are waived. Utah R.Civ.P. 12(h). The defense of res judicata was not raised by the pleadings. When plaintiff attempted to present a res judicata defense at trial, the Bank interposed an objection, which the trial court properly sustained.

Accord and satisfaction was also properly rejected by the trial court. The tender of the principal and interest due on the note was at the court's insistence. In accepting the tender, the Bank clearly preserved its rights to pursue the attorney fees in question. There was no agreement, express or implied, that the tender was in full satisfaction of all claims.

The judgment is reversed, and the case remanded.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.