Paul MacKRELL, Appellant (Plaintiff),

v.

BELL H$_2$S SAFETY and Kim Brondum, Appellees (Defendants).

No. 89–218.

Supreme Court of Wyoming.

July 23, 1990.

---

15. *See supra* note 12.

William J. Flynn, Green River, for appellant.

Thomas A. Nicholas of Hirst & Applegate, Cheyenne, for appellees.

Before CARDINE, C.J.*, and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

CARDINE, Chief Justice.

Appellant Paul MacKrell (MacKrell) sued to recover damages for personal injuries resulting from a propane gas explosion. He appeals from a summary judgment in favor of appellees Bell H$_2$S Safety (Bell) and its employee Kim Brondum (Brondum).

We affirm.

## ISSUES

MacKrell states the issue as:

"Did the District Court err in granting summary judgment for Defendants Bell H$_2$S Safety and Kim Brondum on the issue of whether their negligent acts

* Chief Justice at time of oral argument.

were the proximate cause of the Plaintiff's injuries?"

Bell and Brondum present the issues: "A. Did the District Court correctly decide that there were no genuine issues as to material facts and that Bell H$_2$S Safety and Kim Brondum were entitled to judgment as a matter of law?

"B. Did the District Court correctly decide that Defendants were entitled to summary judgment as a matter of law because Plaintiff's injuries were the result of an intervening cause?"

The justification for the enormous delay in processing this matter through the district court is not evident from the record. The original complaint was filed on July 28, 1983. Summary judgment in favor of Bell and Brondum was entered on July 1, 1985. MacKrell had made claims against several other defendants which were not disposed of by the summary judgment. A notice of appeal, filed on July 16, 1985, was withdrawn on August 21, 1985, for the reason that the judgment appealed from was not final. On August 8, 1989, and August 22, 1989, over four years after the summary judgment was entered, the district court entered orders dismissing the complaints against the other defendants, with prejudice, upon stipulation of the parties. The judgment of the district court then became a final appealable order, and a notice of appeal was filed on August 22, 1989.

In their motion for summary judgment, Bell and Brondum asserted that they owed no duty to appellant in the hookup, maintenance, inspection, repair or any aspect of the propane gas system; that even if there was a duty and a breach of that duty, they were not liable because the proximate cause of appellant's injury was the ignition of a cigarette lighter by a coemployee of MacKrell in a trailer obviously filled with the propane gas.

## FACTS

The motion for summary judgment was supported by an affidavit of Brondum, an employee of Bell. Brondum arrived at work at 7:00 a.m. on October 24, 1982.

Steve Lovett (Lovett), another Bell employee, was in the process of hooking up a propane gas line to a trailer that belonged to Bell. A "T" was being placed in the gas line leading from a propane bottle to the Norton trailer. Once the "T" was in place, turning on the flow of gas would result in gas being supplied to both the Bell trailer and the Norton trailer. When Brondum took over, Lovett directed him *not* to turn on the gas because the stove burners inside the Norton trailer were turned on. Brondum was to contact the Norton toolpusher to have the burners turned off. Brondum went to the Norton drilling rig floor and asked the toolpusher to unlock the Norton trailer so he could turn off the burners. Brondum was advised by the Norton toolpusher that the burners had been turned off and that it was all right to turn on the gas. Brondum turned the gas on at 9:30 p.m. that same day.

At 3:00 a.m. on October 26, 1982, the Norton trailer exploded. Brondum ran to the scene of the explosion and found three injured people to whom he rendered first aid and then transported two of them to a hospital in Kemmerer. While waiting to be treated, the injured Norton workers told Brondum that they had gone into the trailer, smelled gas, turned off the burners, opened the windows, then tried to light the furnace with a Bic lighter and the trailer exploded.

Lovett's affidavit, also filed with the motion for summary judgment, stated that he had received permission from the Norton toolpusher to connect a line from the Bell trailer to the propane bottle also used by the Norton trailer. He was in the process of doing this work when he was relieved by Brondum. Lovett told Brondum how to complete the work and that he thought the stove burners in the Norton trailer were on. Because the Norton trailer was locked, Lovett instructed Brondum to contact the Norton toolpusher to make sure the stove burners were turned off before turning on the propane. Lovett also stated that he had no responsibility for the Norton trailer or the propane gas service to it.

In answer to MacKrell's interrogatories, Bell stated that: Brondum was its employee, but denied that it or its employees installed a propane gas tank for the Norton trailer; denied that it had ever had a propane gas tank installed by it involved in an explosion prior to the explosion at the Norton trailer; denied knowing to whom the propane gas tank and connecting line belonged, but stated it assumed they belonged to Norton; denied that it had the right of control or management over the propane gas tank and gas line to the Norton trailer; stated that it had not installed the propane gas tank which supplied gas to the Norton trailer; and denied knowledge of any regulations or industry standards and any testing or inspection standards which apply to the connection of propane gas tanks to trailers. Attached to the answers to interrogatories were the statements of Brondum and Lovett. They add nothing beyond that which is provided in their affidavits.

MacKrell's opposition to the motion for summary judgment relied upon the affidavits of Brondum and Lovett in which they admitted splicing into the gas line and admitted knowing that the stove burners were on in the Norton trailer. MacKrell stated that the gas was turned on after checking with the Norton toolpusher, but without doing any further inspection or checking, and that when dealing with a dangerous instrumentality, like propane gas, the required standard of care must be measured by the hazards known to exist.

MacKrell also relied upon his deposition in which he stated that, at about 2:00 a.m. on the day of the explosion, MacKrell and two other Norton employees went to the trailer to move in their belongings. Initially, they were unable to enter the trailer because it was locked, but they found another hand who had a key and they entered. When he entered the trailer, he could smell gas "real bad"; it burned his eyes and made him cough. They opened some windows, and after discovering that the gas was coming from the stove burners, turned them off. All three of the men had warned each other not to light anything because there was so much gas in the

trailer. One of the men, who MacKrell identified as Dave, didn't think there was any gas in the trailer, although MacKrell and the third workman said, "Yes, there is." Although only ten minutes or less had transpired since the men entered the trailer, Dave held out a Bic lighter, and despite the attempts of the others to stop him, flicked the lighter. MacKrell was immediately engulfed in flames and suffered significant injuries. MacKrell's deposition also established that he was aware that the stove burners were left on to drain the system before the trailer was moved from storage to the location where the explosion took place. When asked who had the job of inspecting the trailer once it arrived on site to assure it was safe before people moved in, MacKrell responded that it was the Norton toolpusher's job and that he was sure it was not done.

The district court determined that there was no genuine issue of material fact and that, in accordance with W.R.C.P. 56(e), Bell and Brondum were entitled to summary judgment as a matter of law. The district court also determined that even if Brondum were negligent, the cause of the accident was MacKrell's coemployee Dave igniting a cigarette lighter in the trailer that reeked of propane fumes.

## DISCUSSION

■ On review of summary judgment, we examine all the information and material presented to the district court. *Matthews v. Fetzner*, 768 P.2d 590, 592 (Wyo. 1989). A detailed exposition of the standards we apply in summary judgment cases is found in *Thomas v. South Cheyenne Water and Sewer Dist.*, 702 P.2d 1303, 1304 (Wyo.1985). We are also mindful in our resolution of this matter that a higher degree of care is required in dealing with a dangerous instrumentality such as propane gas, *Diamond Management Corp. v. Empire Gas Corp.*, 594 P.2d 964, 967 (Wyo.1979), and *Pan American Petroleum Corp. v. Like*, 381 P.2d 70, 74 (Wyo. 1963); that summary judgments are not favored in negligence actions, *Randolph v. Gilpatrick Const. Co., Inc.*, 702 P.2d 142,

146 (Wyo.1985); and that, although summary judgments are not favored in negligence actions, where the record fails to establish an issue of material fact, the entry of summary judgment is proper. *Conway v. Guernsey Cable TV*, 713 P.2d 786, 788 (Wyo.1986).

■ The elements of negligence are: (1) a duty, (2) a violation of that duty, (3) which is the proximate cause of, (4) injury to the plaintiff. *Thomas*, 702 P.2d at 1307. Our focus in this case is upon the element of duty. The determination of duty is a question of law for the court. If duty is not established, there is no actionable negligence. *Id.* In this case we are presented with a legal proposition similar to that in the *Thomas* case in which a child was playing in a meter vault excavation. As he was climbing out, the vault door fell on his hand causing amputation of two fingers. The meter vault and cover were purchased, paid for, and installed by the actual landowner on land not owned by the water district. Plaintiffs relied upon an expert's affidavit and the operation of W.R.E. 704 to establish a duty on the part of the water district. We upheld the summary judgment for the water district because we concluded that the expert's affidavit did not establish the existence of national standards which imposed a duty on the water district. "A bare conclusion as to duty, stating no reasonable basis therefor, is not sufficient to prevent entry of summary judgment." *Id.* at 1307. Similarly, in a case inexplicably relied upon by MacKrell, we held that a plaintiff's bald statement that a party is negligent is insufficient to create a genuine issue of material fact. *Bancroft v. Jagusch*, 611 P.2d 819, 821 (Wyo.1980).

■ In the instant case, MacKrell presented absolutely no evidence of national or even local standards concerning work on propane gas systems or what the standard of care required under the circumstances of this case might be. The uncontroverted evidence was that Bell was not in the business of providing and installing propane gas tanks; did not provide or install the propane gas tank that was used to

service the Bell and Norton trailers; and had no right of control or management over the propane gas tank and gas line to the Norton trailer or over the Norton trailer itself. MacKrell did not deny these facts or present any conflicting evidence to counter Bell and Brondum's affidavits. Indeed, his memorandum in opposition to the motion for summary judgment appeared to concede that the gas to the Norton trailer was turned on only after notice to the Norton toolpusher and after receiving specific directions from the Norton toolpusher to turn the gas on.

Although the case, *Diamond Management Corp.*, 594 P.2d 964, was decided in a trial to the district court on an issue of contribution, some of our observations in that case are applicable here. We said:

> "We emphasize that the particular facts of this case occasion the result since they give rise to the situation in which reasonable men might differ in determining whether or not a distributor of a potentially dangerous product had used 'reasonable precaution.' The widespread and varied use of propane by [Diamond Management]; the ownership and operation of its own intra-organization distribution system; the testimony of Donald Albright and other employees of [Diamond Management] that they recognized the dangerous nature of propane; the discussions by [Empire] with [Diamond Management's] employees; and [Empire's] warning concerning the pertinent bottle make a situation in this case which is quite different from that which exists between the usual customer of a distributor and the distributor." *Id.* at 969.

Likewise, the particular facts of the instant case occasion our result. Bell was not a distributor like Empire Gas. Bell did not provide the propane bottle. Before turning the gas on, Brondum checked with the Norton toolpusher, whose job it was to make sure the trailer was suitable for habitation by Norton employees. Bell and Brondum had no access to or responsibility for the Norton trailer. The Norton toolpusher directed that the gas be turned on and verified that the stove burners, about which the Bell employees were concerned, had

been turned off. Moreover, MacKrell was aware that the stove burners were turned on to bleed the gas lines when the trailer was stored or moved. The accident did not result from faulty work, improper inspection, or any other failure on the part of the Bell employees, but rather resulted from the fact that the stove burners in the locked Norton trailer were turned on by Norton. Under this particular set of circumstances, we agree fully with the district court that Bell and Brondum, as a matter of law, had no duty to MacKrell which was breached.

MacKrell cites a number of utility company cases in support of his argument. The duties imposed upon utility companies differ greatly from the duties imposed upon others not actually engaged in the business of supplying gas. Thus, we do not consider these cases to be pertinent to consideration of this case. For example, in the case *Boyce v. Northern Utilities Co.*, 75 Wyo. 500, 297 P.2d 820 (1956), we quoted a general rule:

> " 'If leaks occur through the fault of the company, it is liable without actual notice for any resulting injury, but, where the leak is due to other causes, and the company has used proper care in inspecting its pipes, liability does not attach until the company has had notice and a reasonable time to repair, after which it is liable even though the pipe where the leak occurred was owned by the consumer.' " *Id.* 297 P.2d at 824.

If Bell were a utility, still it had no notice that the Norton toolpusher information was incorrect—that the burners were on— nor did it have an opportunity to correct the problem. MacKrell also cited the case *Parkinson v. California Co.*, 255 F.2d 265 (10th Cir.1958), but it is also very wide of the mark.

*Northwest States Utilities Co. v. Brouilette*, 51 Wyo. 132, 65 P.2d 223 (1937) (and see *Northwest States Utilities Co. v. Ashton*, 51 Wyo. 168, 65 P.2d 235 (1937), a companion case to *Brouilette* ) is, perhaps, at least remotely in point. There we upheld verdicts for plaintiffs injured in a gas explosion after finding that there was suf-

ficient evidence from which a jury could find negligence on the part of the gas company for failure to repair the line and associated equipment after being *notified* of a leak. Finally, in *Miller v. New York Oil Co.*, 34 Wyo. 272, 243 P. 118 (1926), we held that the facts found by the district court were supported by substantial evidence that installation of a water heater in a bathroom which had no ventilation, and which was exhausted through a chimney that was totally clogged, established that the defendant failed to use the standard of care required of it and was therefore negligent. *Id.* 243 P. at 120.

None of these cases provide a basis for reversal of the district court's grant of summary judgment for Bell and Brondum.

We conclude that the affidavits of Bell and Brondum were sufficient to establish no breach of a duty to MacKrell. MacKrell's reliance on those affidavits to generate a material fact issue must therefore fail absent the presentation of any evidence which contradicts those affidavits. Bell and Brondum were not in the business of installing propane gas systems. There were no defects in the alterations they made to the propane system which served the Norton trailer. The gas was not turned on until after Brondum received permission to do so from the Norton toolpusher, as well as assurances that the gas was not on in the locked trailer to which Brondum had no access and for which he had no responsibility. MacKrell presented no evidence, by affidavit or otherwise, which disputed any of these facts. Therefore, we agree with the district court that there was no genuine issue of material fact and that Bell and Brondum were entitled to judgment as a matter of law.

Because we dispose of this case on the lack of duty, we need not discuss or decide whether the explosion was the result of an intervening cause.

Affirmed.