Trisha ABRAHAM, as Personal Representative of the Estate of Brent Abraham, Appellant (Plaintiff),

v.

ANDREWS TRUCKING COMPANY, a sole proprietorship, Appellee (Defendant).

No. 94–34.

Supreme Court of Wyoming.

April 28, 1995.

Robert W. Tiedeken of Wolf & Tiedeken, Cheyenne, and Michael McCarty of McCarty, Cranfill & Sommers, Cody, for appellant.

Harold E. Meier and Jonathan A. Botten of Lonabaugh & Riggs, Sheridan, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

In this wrongful death action, appellant seeks relief from a grant of summary judgment in favor of appellee. The dispositive issue is whether appellee owed a legal duty to the decedent. In addition, we will address the allocation of costs upon summary judgment.

## I. ISSUES

Appellant states the issues as:

1. Did the trial court err in granting summary judgment to appellee Andrews Trucking Company?

2. What is the proper standard for the award of costs, if any, in a case decided by summary judgment?

Appellee restates the issues:

1. Given the facts particular to this case, did appellee Andrews Trucking Company owe a legal duty to Brent Abraham, an employee of subcontractor Kobbe Construction Partnership, to maintain a safe work place?

2. Were costs properly awarded to appellee Andrews Trucking Company following the grant of summary judgment by the trial court?

## II. FACTS

On November 15, 1991, Brent Abraham (the deceased) was overcome by poisonous hydrogen sulfide gas while emptying a vacuum truck into Battery No. 18 in the Elk Basin Oil Field, a field operated by Amoco Production Company (Amoco). At the time, the deceased was employed by Kobbe Construction Company (Kobbe Construction). Kobbe Construction provided roustabout services for Amoco in the Elk Basin Oil Field.

Ray Kobbe operated Kobbe Construction. His brother, Randy Kobbe, was employed by Amoco as a supervisor in the Elk Basin Oil Field. To avoid Amoco's anti-nepotism policy, the Kobbe brothers enlisted Andrews Trucking Company (Andrews Trucking) as a straw man. Andrews Trucking signed a service contract with Amoco and entered into an oral agreement with Kobbe Construction to have Kobbe Construction fulfill the terms of the service contract. Andrews Trucking was paid five percent on each invoice billed to Amoco for the work Kobbe Construction performed in the Elk Basin Oil Field. Federal regulations required Andrews Trucking to formulate a safety policy or adopt Amoco's. Andrews Trucking adopted Amoco's safety manual.

Following the death of her husband, Trisha Abraham (Abraham) filed a wrongful death claim against Andrews Trucking, Amoco, and Ray Kobbe. The claims against Ray Kobbe were dismissed on October 7, 1993. Abraham settled with Amoco and Amoco was dismissed from the case.

Andrews Trucking filed a motion for summary judgment on September 15, 1993. Following a hearing, the district court granted Andrews Trucking's motion for summary judgment. Andrews Trucking then filed an application for costs to which Abraham objected. Costs were awarded to Andrews Trucking and Abraham filed a timely notice of appeal.

## III. DISCUSSION

### JOB SITE SAFETY

Summary judgment is not normally favored in negligence cases. *MacKrell v. Bell H2S Safety*, 795 P.2d 776, 779 (Wyo.1990).

However, if the record fails to reveal any disputed issues of material fact and the movant is entitled to judgment as a matter of law, summary judgment is proper, even in a negligence case. *Id.* Whether a defendant owes a plaintiff a legal duty is a question of law which is reviewed *de novo.* *Jones v. Chevron U.S.A., Inc.,* 718 P.2d 890, 894 (Wyo.1986) (*quoting* W. Keeton, *Prosser and Keeton on Torts* § 37 at 236 (1984)).

■ The issue before us is whether Andrews Trucking assumed any affirmative duties with respect to job site safety at Amoco wells serviced by Kobbe Construction. Ordinarily, an employer or general contractor is not liable for the negligence of an independent contractor. *Cockburn v. Terra Resources, Inc.,* 794 P.2d 1334, 1342 (Wyo. 1990). However, a general contractor who retains control over the manner in which work is performed, or assumes affirmative duties regarding job site safety, owes the employees of his independent contractors a duty of reasonable care and will be liable if that duty is breached. *Id.*

■ The specific question raised in this case is whether Andrews Trucking assumed any control over affirmative safety duties under the well service agreement. Abraham contends that the Amoco safety manual, adopted by Andrews Trucking, imposed affirmative safety duties on Andrews Trucking and that the failure to fulfill those duties renders Andrews Trucking liable for the deceased's death. The adoption of a safety manual is but one aspect of the analysis regarding the question of whether a general contractor has assumed affirmative safety duties at a particular job site. *See, Jones,* 718 P.2d at 896 (*quoting Moloso v. State,* 644 P.2d 205, 211–12 (Alaska 1982)). Existence of such a safety manual is not the keystone in this analysis. Whether the duties were actually exercised by Andrews Trucking in the field is also a relevant consideration. *Id.* In fact, Andrews Trucking never actually performed any safety duties in the field or elsewhere.

We hold that Andrews Trucking never assumed any affirmative duties regarding job site safety and, therefore, did not owe the

deceased a legal duty. Because there were no material issues of fact in dispute, the decision to grant summary judgment is affirmed.

### ALLOCATION OF COSTS

The award of costs pursuant to W.R.C.P. 54(d) rests within the sound discretion of the district court. *Hashimoto v. Marathon Pipe Line Co.,* 767 P.2d 158, 168 (Wyo.1989). "Abuse of discretion occurs when a court exceeds the bounds of reason or commits an error of law." *Combs v. Sherry–Combs,* 865 P.2d 50, 55 (Wyo.1993).

In *Hashimoto,* 767 P.2d at 169, we held that costs which are reasonably required for trial preparation may be awarded when a bill of costs is filed with the court following trial. The rule is equally applicable to summary judgment proceedings and, therefore, we hold that the district court may, in the exercise of its sound discretion, award costs following a successful motion for summary judgment.

The costs awarded, however, must be those reasonably required in the preparation of the successful motion for summary judgment. *Id.* The fact that no trial was held is no reason for disallowing costs. *Curacao Trading Co. v. Federal Ins. Co.,* 3 F.R.D. 261, 262 (S.D.N.Y.1942). Since the district court awarded costs it assumed were reasonably required for trial preparation, rather than those reasonably required for the preparation of the successful summary judgment motion, this case must be remanded for further proceedings to determine the proper costs.

## IV.  CONCLUSION

The decision of the district court is affirmed in part and reversed in part. The case is remanded for further proceedings consistent with this opinion.