## FARMERS' STATE BANK OF WORLAND
## v. NICHOLSON*

(No. 1304; March 19, 1927; 254 Pac. 134.)
(Rehearing Denied May 28, 1927.)

CONTRACTS—SUIT UPON BY THIRD PARTY—BANKS AND BANKING—
SALE OF STOCK UNDER GUARANTEE OF ASSETS—NEW MATTER CON-
STITUTING DEFENSE—SET-OFF AND COUNTERCLAIM.

1. One who sues on contract for his benefit stands in same
   position as original party to contract, being subject to
   defenses available as against obligee.

2. Where on sale of bank's capital stock buyer agreed to
   assume bank's liabilities and seller in turn guaranteed
   certain assets, covenants should be construed as depend-
   ent rather than independent.

3. Breach of agreement of seller of bank stock, guaranteeing
   certain assets due bank, was available as counterclaim
   to buyer in suit by seller for buyer's failure to pay cer-
   tain notes under contract; defense being proper subject
   of counterclaim under Comp. St. 1920, § 5661, as existing
   in favor of defendant and arising out of contract set
   forth in petition.

4. In action by third party against buyer of bank stock on
   notes which buyer agreed to pay, breach of seller's
   agreement to guarantee notes due bank *held* new matter
   constituting defense under Comp. St. 1920, § 5659.

5. Claim of buyer of bank stock, who agreed with seller to
   pay certain of bank's notes, for seller's repudiation of
   agreement to guarantee certain paper assets, *held* defense
   under Comp. St. 1920, § 5659, in nature of recoupment,
   under which defendant could not obtain affirmative
   relief against holder of notes not party to agreement
   though damages could be set off as against plaintiff's
   claim.

6. Where beneficiary of another's contract sued on contract
   and defendant set up defense available as against other
   contracting party for damages in excess of amount of
   claim, both parties were barred from recovery; defense
   being in nature of recoupment.

7. In suit by holder of notes against buyer of bank stock who agreed to pay notes, buyer could assert as defense that seller had repudiated agreement to guarantee other notes, assets of bank sold, regardless of whether covenants of payment and guaranty were dependent or independent.

*See Headnotes: (1) 13 CJ p. 699 n. 26. (2) 7 CJ p. 495 n. 3 New. (3) 7 CJ p. 756 n. 34 New; 34 Cyc. p. 682 n. 54. (4, 5) 7 CJ p. 756 n. 34 New; 34 Cyc. p. 760 n. 84; p. 761 n. 87. (6) 34 Cyc. p. 760 n. 84. (7) 34 Cyc. p. 744 n. 57.

APPEAL from District Court, Fremont County; ROBERT R. ROSE, Judge.

Action by the Farmers' State Bank of Worland against Oscar W. Nicholson. Judgment for defendant, and plaintiff appeals.

*H. C. Brome,* for appellant.

The agreement of appellee to pay the notes held by appellant is an independent covenant upon which plaintiff was entitled to recover; 13 C. J. 567; Pacific Mill Co. v. Inman Co., 80 P. 424. The contention of defendant that Investor's Guaranty Corporation agreed to guarantee the payment of notes held by the bank, and that its failure to do so damaged defendant, is without merit under our statutes relating to set-off and counterclaims; 5660-5664 C. S. The facts stated do not constitute the defense of recoupment as known to the common law; Krausse v. Greenfield, Ann. Cas. 1914 B, 119. A claim against a third person cannot be interposed as a defense in a suit of this nature; Tweeddale v. Tweeddale, 93 N. W. 440, 61 L. R. A. 509.

*A. C. Allen* and *O. N. Gibson,* for respondent.

In an action upon an independent covenant, the breach of another independent covenant of the same contract may be urged in defense; Daniels v. Englehart, (Ida.) 111 P. 3; Fresno Canal Co. v. Perrin, (Cal.) 149 P. 805; Wyoming Irrigation Co. v. La Porte, 26 Wyo. 249; Cook

v. Soule, 56 N. Y. 420; Block v. Ebner, 54 Ind. 544; Benedict v. Hunt, 32 Ia. 27. The rule is that a bad pleading is sufficient, if that which it undertakes to answer is bad; hence, when a demurrer to the answer is put in, and the declaration is insufficient, judgment will be for defendant; 21 R. C. L. 517. A consideration formed on mutual promises will not support an action unless plaintiff shows performance; 13 C. J. 627-571; Jones v. Perott, (Colo.) 34 P. 728; 28 C. J. 969-1019. Our code does not require that new matter in an answer must come within the classification of a set-off or counterclaim; 5659, 5660, 5580 C. S. See also 5667 C. S.; 34 Cyc. 664; Peter v. Co., 42 N. E. 690. Appellant's contention, that where an action is brought for one for whose benefit the contract was made, failure of consideration is no defense, is unsupported by the authorities; 1 Beach Contract, Sec. 210; 2 Page on Contracts, Sec. 1308; Dunning v. Leavitt, 85 N. Y. 30; Osborne v. Cabell, 77 Va. 462; Fish v. Bank, 150 Fed. 527; Hargadine Co. v. Co., (Kan.) 70 P. 583. Ellis v. Harrison, (Mo.) 16 S. W. 198; Alexander Co. v. Co., 214 Ill. App. 526.

Before KIMBALL, Justice, and TIDBALL and BURGESS, District Judges.

TIDBALL, District Judge.

This was an action to recover the sum of $22,727.73 claimed to be due from defendant on four promissory notes, the payment of which defendant had guaranteed. After a reply had been filed to defendant's amended answer, it was stipulated in open court that the reply should be withdrawn and that plaintiff should file a demurrer to defendant's amended answer, and that, after due consideration by the trial court, should that court come to the conclusion that the answer failed to state a defense, judgment should be rendered for the plaintiff, and that in case the trial court should determine that the defense set forth

in said amended answer was good, judgment should be entered for defendant. Accordingly, the District Court of Fremont County overruled the demurrer to defendant's amended answer, entered judgment for defendant, and the case is now here on appeal, the plaintiff claiming that the trial court erred in overruling the demurrer to defendant's amended answer and entering judgment for defendant.

The plaintiff, The Farmers State Bank of Worland, is a banking corporation situated at Worland, Washakie County, Wyoming. On January 9, 1921, the defendant entered into a written contract with the Investors Guaranty Corporation, which contract provided that, for and in consideration of one dollar and other valuable considerations, "and the further consideration of the covenants and agreements hereinafter contained," the Guaranty Corporation "has this day sold, assigned and delivered" to Nicholson, the defendant, "all of the capital stock of the Farmers State Bank of Riverton, Wyoming, consisting of two hundred fifty (250) shares of stock fully paid, the receipt whereof is hereby acknowledged" by Nicholson. The contract then provides that Nicholson has purchased the two hundred and fifty shares of stock and paid for the same by his note in the sum of $5,000 and has sold, assigned and delivered two hundred shares of preferred and fifty shares of common stock of the Guaranty company to that company. And "as a further consideration of the transfer of all of the said capital stock of the said The Farmers State Bank of Riverton," Nicholson assumed and agreed to pay all contingent stockholders' liability, if any, and all outstanding rediscounts of the Riverton bank negotiated by that bank, or its officers, or by the Guaranty company or its officers, for or on behalf of the Riverton bank, according to a schedule marked "Schedule A" and attached to the contract. The contract then stipulates that the Guaranty company agrees to sell and transfer to Nicholson all of the assets of the

Riverton bank. It further provides that the Guaranty company "will specifically guarantee the following bills receivable which have been segregated" and which are shown in "Schedule B" attached to the contract.

The "Schedule A" notes which Nicholson agreed to pay are discount notes of the Farmers State Bank of Riverton to various of its correspondent banks which aggregate in face value over $80,000. Among these "Schedule A" notes are the following: Note of W. N. Taylor and J. A. Delfelder, dated September 2, 1920, and due November 9, 1920, in the sum of $4,000; note of Riverton Construction Company, dated July 10, 1920, due January 1, 1921, in the sum of $5,000; note of J. M. Leishman in the sum of $10,000, past due. These notes had been discounted by the plaintiff, The Farmers State Bank of Worland, and had not been paid, and the present action is proseucuted for the purpose of enforcing payment thereof from the defendant Nicholson under his agreement to pay the "Schedule A" notes.

The "Schedule B" notes aggregate more than $93,000, and are notes belonging to The Farmers State Bank of Riverton, guaranteed in accordance with the above contract by the Investors Guaranty Corporation.

The defendant's amended answer admits the contract set forth in plaintiff's petition, admits that the notes sued on have not been paid, and that the amount claimed is due thereon. The answer then sets up an affirmative defense to the effect that on the 14th day of March, 1922, the Guaranty Corporation wholly repudiated its guarantee of the notes described in "Schedule B," and ever since said date has failed and refused and still wholly fails and refuses to discharge any of its obligations under said agreement, or make good its guarantee of any of said notes. The answer further alleges that on said 14th day of March, 1922, there remained due and owing to the Riverton bank upon certain of the notes described in "Schedule B" various sums itemized in Paragraph 9 of

the amended answer, and aggregating more than $50,000, exclusive of interest, attorneys fees and costs. The question, therefore, involved in this case is whether the fact that the Investors Guaranty Corporation has wholly repudiated that part of the agreement whereby it guaranteed the payment of the ''Schedule B'' notes is sufficient to bar a recovery by the plaintiff from Nicholson upon his guarantee of the payment of the ''Schedule A'' notes. The plaintiff claims that the agreement by the Guaranty company to guarantee and pay the ''Schedule B'' notes is an independent covenant of the contract set forth in the plaintiff's petition and that in case of the Guaranty company's failure to perform its part of the contract, the only remedy which Nicholson has is by a separate action against the Guaranty company, upon the theory that where one party repudiates an independent covenant contained in a contract, this does not absolve the other party from performing his part of the contract, but that he must perform his part of the contract in spite of the violation of such independent covenant, and that his only remedy is a separate action for damages on account of the violation of such independent covenant. Plaintiff also claims that the pleading set forth in defendant's amended answer is not a pleading allowed under our code —that it is not a counter-claim or a set-off, and does not constitute a defense to plaintiff's action.

In the first place, it should be noted that this action is by The Farmers State Bank of Worland, which bank was not a party to the contract set forth in plaintiff's petition. The bank is bringing the action as one for whose benefit the contract was made. The plaintiff bank had rediscounted certain notes of The Farmers State Bank of Riverton, and among these notes are the three included in this action. The rule is stated in 13 C. J. 699, as follows:

''One who seeks to take advantage of a contract made for his benefit by another must take it subject to all legal defenses and inherent equities arising out of the con-

tract, such as the fraud of the party procuring it, the non-performance of conditions, or the right to a set-off, unless the element of estoppel has entered.''

This statement of rule is supported by all of the authorities, so far as they have been called to our attention. It would therefore appear that The Farmers State Bank of Worland, the plaintiff in this case, stands in the same position as though the suit were by the Investors Guaranty Corporation against Nicholson.

Those who wish to pursue the question of dependent and independent stipulations in a bi-lateral contract will find a thorough discussion of this subject in Volume II, Williston on Contracts, Ch. 26.  It will be found from a study of this subject that while in the early days the courts generally considered the stipulations in a bi-lateral contract as independent and held that even though there was a breach by plaintiff he might sue and recover on a stipulation in his favor, through the evolution of the law, the courts have now come to consider such stipulations as dependent whenever it is possible to do so.  The contract in question in this action provides that ''for and in consideration of one dollar and other valuable considerations and the further consideration of the covenants and agreements hereinafter contained, the said party of the first part has this day sold,'' etc.  This language would seem to indicate that the parties to the contract considered the covenants and agreements thereinafter contained as part of the entire consideration.  One of these covenants was that Nicholson would pay certain obligations contained in ''Schedule A'' and the Guaranty company would guarantee and pay the obligations contained in ''Schedule B.''  This language would seem to indicate that the parties to this contract considered the bi-lateral agreements as dependent rather than independent.  The tendency of the courts of the present day undoubtedly is to treat such conditions as dependent unless it clearly ap-

pears from the contract that they were intended by the parties thereto to be independent. See Bank of Columbia v. Hagner, 1 Pet. 455; 7 L. Ed. 219. McCormick v. Badham, 191 (Ala.) 339, 67 So. 609. World's Fair Min. Co. v. Powers, 12 (Ariz.) 285, 100 Pac. 967. Stockstill v. Byrd, 132 (La.) 404, 61 So. 466, 6 R. C. L. 861; Williston on Contracts, Vol. II, Ch. 26. We think, therefore, that we should consider the covenants contained in the contract in this suit as dependent rather than independent.

However, as we view the question, it would make very little difference whether we construe them as dependent or as independent. In either case, we think the defendant could plead his damage caused by the violation of one of the covenants by the Guaranty company as an offset to damage occasioned to the plaintiff by the breach of the covenant by the defendant. Counsel for the plaintiff argues that the defendant should not be allowed to plead the breach of the covenant on the part of the Guaranty company and the damage resulting therefrom as an offset to the damage occasioned by the breach of the covenant by the defendant. The argument seems to be that since the breach of the covenant to pay and guarantee the notes contained in 'Schedule B'' was committed by the Investors Guaranty Company, and since the Investors Guaranty Company is not a party to this suit, its breach cannot be set up by the defendant in this action. However, as we have shown above, one who sues on a contract made for his benefit stands in the same position as the original party to the contract. Therefore, we must treat this question the same as though the suit were by the Investors Guaranty Corporation. Were the Guaranty company plaintiff, we can see no reason why the defendant should not be allowed to set up the breach of the covenant in the contract by the Investors Guaranty Corporation and prove his damage sustained by such breach and offset that against any damage caused by the breach of the covenant on defendant's part to pay the notes con-

tained in "Schedule A," and even recover judgment for any excess of damage existing in favor of the defendant Nicholson and against the Investors Guaranty Company. Were the present suit between the Investors Guaranty Corporation and Nicholson, we think there would be no difficulty in determining that the damages occasioned Nicholson by the breach of covenant by the Investors Guaranty Corporation could be set up as a counter-claim in reduction of damages in case the amount thereof did not exceed the plaintiff's claim. In such case, the counter-claim would come squarely within the provisions of Section 5661, W. C. S. 1920, providing that a counter-claim must be one existing in favor of the defendant and against the plaintiff between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as a foundation of the plaintiff's claim. The mere fact that the suit in question was brought by a third person rather than by the Guaranty Corporation should not preclude the defendant from setting up the breach of the covenant to pay the notes in "Schedule B." True, the defendant could not obtain a judgment against the plaintiff in this case for any excess damages he may have suffered. That being so, the defense cannot be considered a counter-claim. The defense is new matter allowed by the Code and is in the nature of the common-law recoupement. See 24 R. C. L. 793 and 848, where it is said: "And so it (recoupment) may be invoked when the defendant has sustained damages by reason of the plaintiff's non-performance of his part of the contract sued on, or by the plaintiff's deviations from the contract, not induced by the defendant, both as to the manner and time of the performance. This doctrine is one of obvious equity. It is but a liberal and beneficent improvement upon the old doctrine of failure of consideration. It looks through the whole contract, treating it as an entirety, and treating the things done and stipulated to be done on each side as the consideration for the

things done and stipulated to be done on the other. When either party seeks redress for the breach of stipulations in his favor, it sums up the grievances on each side, instead of the plaintiff's side only, strikes a balance, and gives the difference to the plaintiff, if it is in his favor.'' Section 5659, W. C. S. 1920, provides that an answer may contain a statement of any new matter constituting a defense, and we think the matter of the breach of the covenant on the part of the Guaranty Company could be set up by the defendant Nicholson as new matter constituting a defense to the action in this case. The answer having pleaded and the demurrer having admitted that the damage sustained by the defendant is greater than that sustained by the Guaranty Company, the plaintiff would be barred from recovery although the defendant would not have the right to a judgment against the plaintiff. In the case of Vassear v. Livingston, 13 N. Y. 248, it is said:

''There is nothing in the nature of a counter-claim stated in the answer. There was never any contract between the plaintiff and defendant; and although the new matter was, if true, very pertinent to preclude the plaintiff from recovering upon the demand assigned to him, it had no tendency to show an independent cause of action in favor of the defendant against the plaintiff. Section 150 of the Code defines a counter-claim. It must be a claim existing in favor of the defendant against the plaintiff, arising either out of the contract or transaction sued upon or some other contract. Here the defendant had no claim against the plaintiff. If the facts were truly stated, he had grounds for defending himself against the plaintiff's suit, but none whatever for an independent recovery against him.''

See also the case of Dolbeer v. Stout, 139 (N. Y.) 486, 34 N. E. 1102. This was an action by Dolbeer as assignee of a claim of Linde & Co. against Stout to recover $4,800 for storage charges. Defendant Stout had sued Linde & Co. to recover $19,000 damages for negligent storage of goods. The court said:

"The defendant in this action may allege and prove the non-performance by Linde & Co. of their contract, and counter-claim any damages he may have sustained thereby to the · extent necessary to defeat a recovery by the plaintiff."

Also, in the case of Bliss v. Sneath, 103 Calif. 43, 36 Pac. 1029, it was held that where an agent sues in his own name, defendant may set up as a partial defense a demand against the principal, but this "is not really a counter-claim," since it is not "a demand which may be the basis of a judgment against the plaintiff." See also Fresno Canal and Irr. Co. v. Perrin, 170 Calif. 411, 149 Pac. 805.

So we think that whether the stipulations in the contract be considered as dependent or as independent would make no difference in the case at bar. In either case the defendant would be allowed to set up and prove the breach of the contract on the part of the Guaranty company and plead any damage that he has sustained by reason of such breach against the claim of the plaintiff, and since his damage sustained by the breach of the covenant on the part of the Guaranty company exceeds the damage sustained by the plaintiff on account of the breach of the covenant by the defendant, the plaintiff could not recover. The rule seems to be that when the covenants are independent it is not necessary that plaintiff should allege in his petition that he has performed the conditions on his part. It is otherwise when the conditions are dependent. Fresno Canal and Irr. Co. v. Perrin, supra. However, the fact that the covenants are independent would not bar the defendant from pleading and proving any damage he may have sustained by reason of the breach by the plaintiff of any of the covenants in the agreement to be performed by the plaintiff. We can see no reason why defendant should be compelled to file an independent suit against the Guaranty corporation upon its breach of cov--

enant rather than to set up his damage to prevent a judgment against him in the present action.

We therefore believe that the trial court should have overruled the demurrer to defendant's answer, and the judgment should be for defendant. The judgment of the District Court is sustained.

*Affirmed.*

KIMBALL, J., and BURGESS, Dist. J., concur.