**Edward M. ATCHISON, Plaintiff-Appellant,**

v.

**STATE OF WYOMING, James R. Coulter, W. Don Nelson, Peter J. Kithas, John Rooney and John Does I, II, and III, Defendants-Appellees.**

No. 84–1890.

United States Court of Appeals, Tenth Circuit.

May 30, 1985.

Harold Frederick Buck of Kline & Buck, Cheyenne, Wyo., for plaintiff-appellant.

Bruce A. Salzburg of Freudenthal Law Offices, P.C., Cheyenne, Wyo., for defendants-appellees.

Before BARRETT and BREITENSTEIN, Circuit Judges and WEINSHIENK *, District Judge.

* The Honorable Zita L. Weinshienk, United States District Judge for the District of Colorado, sitting by designation.

BREITENSTEIN, Circuit Judge.

The appeal in this civil rights action is from a final judgment of the District Court for the District of Wyoming granting defendants-appellees' motion to dismiss on the grounds of Eleventh Amendment immunity as to State of Wyoming and collateral estoppel and res judicata as to the individual defendants. We affirm.

The facts are complex and may be found in *Atchison v. Career Service Council of the State of Wyoming*, Wyo., 664 P.2d 18, cert. denied, —— U.S. ——, 104 S.Ct. 424, 78 L.Ed.2d 359, and in the Plaintiff's Notice of Exhibits A and B. Atchison, plaintiff-appellant, was separated from his employment with the Wyoming Department of Health and Social Services on March 3, 1978. He appealed his separation to the Wyoming Career Service Council (W.C.S.C.) which found that he was a probationary employee who had been terminated on the ground of unsatisfactory performance and that this was a valid reason for termination.

Atchison filed almost simultaneous suits in federal and state court on August 3, 1978. In the federal suit Atchison charged that the defendants conspired to chill his First Amendment rights by designing his job classification so that he could not meet its requirements and that he was discharged to silence his political and union activities and for his opposition to the incumbent Wyoming administration. In the state court he sought a review of the action of the W.S.C.S. and claimed breach of contract, arbitrary and outrageous conduct in violation of the Wyoming State Constitution, and libel.

On November 17, 1978, the federal court dismissed the action against the State of Wyoming and its agencies on the ground of Eleventh Amendment immunity. It dismissed the action without prejudice as to the individual defendants stating that the same central issues were presented in the federal and state suits and that the princi-

ples of comity and judicial economy required it to abstain.

On March 2, 1979, the state court dismissed Atchison's suit for various claims for relief because they had been improperly joined with the petition for review. On June 20, 1979, Atchison filed a second federal suit alleging the same civil rights violations. The federal court again dismissed Wyoming and its agencies on the grounds of Eleventh Amendment immunity and dismissed the suit against the individuals without prejudice for failure to allege specific facts sufficient to state a cause of action against the individuals.

On December 4, 1979, Atchison filed in federal court an amended complaint against the individual state employees. The defendants moved to dismiss on the ground of abstention. The federal court denied the motion on June 27, 1980, but held that if the state court remanded to W.C.S.C., it would automatically dismiss the action. On July 8, 1980, the state court remanded Atchison's suit to the W.C.S.C. for further administrative hearings. On July 15, 1980, the federal court dismissed Atchison's second suit.

On July 13, 1981, the W.S.C.S. decided after a hearing that the separation of Atchison from his employment was proper and was not due to his exercise of free speech. Atchison appealed the decision of the W.S.C.S. to the Wyoming state court. On August 4, 1980, Atchison moved to vacate the federal court's order of dismissal arguing that unless he was allowed to continue his federal civil rights action, it would be barred by the Wyoming statute of limitations. On July 24, 1981, the federal court denied the motion and dismissed the second suit on the ground of abstention, stating that Atchison had now received a full administrative hearing from which he had an appeal pending in state court.

The state district court affirmed the decision of the W.S.C.S. Atchison appealed to the Wyoming Supreme Court which affirmed the district court. *Atchison*, supra, 664 P.2d at 25. Atchison filed a petition for certiorari in the United States Supreme Court which was denied. 104 S.Ct. 424.

Atchison then filed his third federal suit, the instant action, on April 12, 1984. The defendants were the State of Wyoming, and individual state employees alleging civil rights violations in the denial of due process, and his discharge in retaliation for his exercise of his First Amendment rights. The defendants filed a motion to dismiss which the court granted on the grounds of the immunity as to State of Wyoming and of collateral estoppel and res judicata as to the individuals. The trial court sustained the defendants' motion to dismiss. In so doing it said, Tr. 43–44:

"The Court finds that the State indeed is immune under the Eleventh Amendment from the suit for damages by Plaintiff Edward Atchison. That's what I have held twice before, and I see no reason to hold differently today. . . .

With respect to the issues of collateral estoppel and res judicata, it was always my view that Mr. Atchison had a right to have a full hearing, and I abstained and withheld decisions in this court to see that he got one on the theory that if he didn't get one in front of the state administrative agency and the state courts, he would get one here.

I now find that he has had one, had a full hearing which encompassed his civil rights claims and his First Amendment claims as well as all others. I think I'm bound by that. I don't believe that there is anything that would be tried in the trial of this case that would not be foreclosed by the findings of the Career Services Council."

On this appeal the appellant does not question the ruling of the district court that the action against the State is barred by immunity. He contends that his claims against the individual defendants are not barred by collateral estoppel and res judicata because he submitted the federal claims to the federal district court first. In *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440, graduates of chiropractic

schools filed suit in federal court seeking an injunction and a declaration that the educational requirements of the Louisiana Medical Practice Act as applied to them violated the Fourteenth Amendment. The district court abstained and, sua sponte, remitted the case to the state courts. After the plaintiffs unsuccessfully pursued their claims in state court, they again brought suit in federal court where their claims were dismissed on the ground that the proper remedy was an appeal to the United States Supreme Court. That court reversed finding "fundamental objections to any conclusion that a litigant who has properly invoked the jurisdiction of a Federal District Court to consider federal constitutional claims can be compelled, without his consent and through no fault of his own, to accept a state court's determination of those claims." Id. at 415, 84 S.Ct. at 464. However, the Court also said, Id. at 419, 84 S.Ct. at 467:

> "We now explicitly hold that if a party freely and without reservation submits his federal claims for decision by the state courts, litigates them there, and has them decided there, then—whether or not he seeks direct review of the state decisions in this Court—he has elected to forego his right to return to the District Court."

■ In the instant situation the original federal and state actions were filed almost simultaneously. After it learned that the state court was remanding the case to the administrative agency, the federal court abstained. Appellant did not submit the federal claims to the state court for determination, but he did voluntarily submit for determination the issues underlying his federal claims which he fully litigated and were found by the federal court to be identical with those now raised. The federal court did not act sua sponte. If plaintiff wished his claims to be decided entirely by the federal court, he could have abandoned the state court action. He did not do so but voluntarily submitted the claims to state court adjudication. England does not bar a finding of collateral estoppel and res judicata in the case at bar. Allen v. McCurry,

449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308, does not overrule England. See 449 U.S. at 101, n. 17, 101 S.Ct. at 418, n. 17.

Appellant argues that the federal court's findings of collateral estoppel and res judicata as to defendant Rooney was erroneous because Rooney was not named as a defendant in the previous federal and state cases. Section 1738, 28 U.S.C., requires federal courts to give the same preclusive effect to a judgment of a state court as would be given by the courts of the state in which the judgment was rendered. Haring v. Prosise, 462 U.S. 306, 313, 103 S.Ct. 2368, 2373, 76 L.Ed.2d 595; and Allen v. McCurry, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308. We must look to Wyoming law to determine whether appellant's claim that Rooney's absence from the first suits eliminates the defense of collateral estoppel. Haring, supra, 462 U.S. at 314, 103 S.Ct. at 2373.

■ The generally accepted principle is that once a court has decided an issue of fact or law necessary to its judgment, that decision precludes relitigation of the issue in a suit on a different claim involving one of the parties to the first suit. Allen v. McCurry, supra, 449 U.S. at 94, 101 S.Ct. at 414. The requirement of mutuality of parties in applying collateral estoppel to bar litigation was eliminated in Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 329, 349–350, 91 S.Ct. 1434, 1443, 1453–1454, 28 L.Ed.2d 788.

■ The Wyoming federal judge who heard this case, made an extensive review of the mutuality requirement and concluded that Wyoming would not, if faced with the question, require the parties be identical before applying the doctrine of collateral estoppel. Rust v. First National Bank of Pinesdale, D.Wyo., 466 F.Supp. 135, 139. See also Ponderosa Development Corp. v. Bjordhal, D.Wyo., 586 F.Supp. 877, 879. We agree with those decisions of the Wyoming federal court and believe that the Wyoming Supreme Court would not, if faced with this case, require

**392**

mutuality of the parties. Collateral estoppel applies to bar the suit against Rooney.

The appellant says that the district court erred in dismissing the case against the State of Wyoming for attorneys' fees. As his suit has been dismissed against the State on the ground of Eleventh Amendment immunity, which appellant does not appeal, and against the individual defendants on the ground of collateral estoppel and res judicata, which we affirm, appellant has no claim on which attorneys' fees may be based. The issue is moot. Like the federal district court our disposition of the case makes it unnecessary to consider the question of the statute of limitations.

Affirmed.