Ronni Deane TIDWELL and Cecilia J. Tidwell, Appellants (Plaintiffs),

v.

HOM, INC., Appellee (Defendant).

No. 94–109.

Supreme Court of Wyoming.

June 1, 1995.

Donna D. Hoffdahl of Hoffdahl Law Office, Cheyenne, for appellants.

Patrick E. Hacker, Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

A latent defect in privately owned housing, rented with governmental assistance, caused debilitating health problems and stress disorders for appellants. Appellants sued the agency providing rental assistance, only to suffer summary judgment for lack of a duty running from that agency to appellants. Undaunted, appellants filed the same claim against HOM, Inc., which had contracted with the previously sued agency to inspect rentals. Finding that HOM, Inc. can neither bargain for nor incur more duty to appellants than the agency owed them, we affirm the district court's order granting summary judgment in favor of HOM, Inc.

## I. ISSUES

Appellants present the following issues for review:

Issue 1

Whether the District Court erred by granting Defendant, HOM, Inc.'[s], Motion for Summary Judgment when material issues of fact do exist

Issue 2

Whether the Federal regulations governing the Housing Assistance Payments Program, or the contract entered into to enforce these regulations, created a legally enforceable duty to the tenant

Issue 3

Whether Defendant, HOM, Inc., had a duty to perform their contract using ordinary care to avoid injury to third persons who could foreseeably be harmed by the negligent performance of the contract

Appellee posits relatively disparate issues:

I. Whether Congress or the agency intended to confer standing upon tenants receiving Section 8 rental subsidies to enforce contract terms between the local public housing authority and its agents as third party beneficiaries.

II. Whether the Wyoming Governmental Claims Act bars a personal injury action against the agent of a public housing authority absent tortious conduct on the part of the agency.

III. Whether appellants' proper remedy is an action against the owner of the property, rather than HOM, Inc.

IV. Whether appellants, by execution of the indemnity agreement have agreed to hold CHA [Cheyenne Housing Authority], and its agent HOM, Inc., harmless from any personal injury claims.

## II. FACTS

Appellants, Ronni and Cecilia Tidwell (the Tidwells), mother and daughter, rented a privately owned Cheyenne, Wyoming home from Leonard Sullivan in February 1988, assisted by partial rent subsidy payments provided through the Cheyenne Housing Authority. The subsidy payments originated with the United States Department of Housing and Urban Development (HUD) pursuant to the United States Housing Act of 1937, as amended by § 8 of the Housing and Community Development Act of 1974 (42 U.S.C. § 1437f (1988)).

Soon after the Tidwells moved in, Ronni began to experience debilitating headaches and nausea, resulting in loss of employment and an increasing inability to care for herself or her daughter. In addition, Cecilia, fearing that her mother's death was imminent, began to experience "separation anxiety disorder." Enlisting, *inter alia,* the assistance of personnel from Cheyenne's City Engineer's office and the Cheyenne Fire Department, Ronni sought in vain to establish an environmental etiology for her health problems.

Eighteen months after the headaches began, a Cheyenne artisan, to be immortalized in these proceedings only as "Bill the Plumber," found an open sewer pipe, hidden under building materials in the basement of the Tidwell rental, which was leaking methane fumes into the area of Ronni's bedroom. Ronni's physician confirmed that her maladies were consistent with those caused by exposure to sewer gas, i.e., methane.

Claiming a duty to provide safe and sanitary housing had been breached, the Tidwells filed suit against their landlord, Leonard Sullivan, and their rent subsidy benefactors, the Cheyenne Housing Authority. Finding no duty running from the Cheyenne Housing Authority to the Tidwells, the district court granted partial summary judgment for the Cheyenne Housing Authority. That judgment was not appealed.

Undeterred, the Tidwells filed what the district court would term the "same claim" against HOM, Inc. (HOM),[1] alleging that HOM provided inspection services for the Cheyenne Housing Authority and was negligent in failing to find the offending sewer pipe. The Tidwells' suit against HOM was consolidated with the surviving cause against the landlord under the same action wherein summary judgment had, earlier, been granted in favor of the Cheyenne Housing Authority.

HOM moved for summary judgment, disclaiming any duty to the Tidwells. The Tidwells responded, asserting they were beneficiaries of an implied covenant of ordinary care running from HOM. Finding no issue of material fact and no duty on HOM favoring the Tidwells, the district court granted partial summary judgment to HOM, from which the Tidwells timely prosecuted this appeal.

## III. STANDARD OF REVIEW

Appellate affirmation of summary judgment is warranted only in the absence of genuine issues of material fact when the moving party is entitled to judgment as a matter of law. W.R.C.P. 56(c); *Lincoln v. Wackenhut Corp.,* 867 P.2d 701, 702 (Wyo. 1994). Materiality arises from a fact's capacity to establish or refute an essential element of a claim or defense thereto. *Lyden v. Winer,* 878 P.2d 516, 518 (Wyo.1994). Once the movant establishes a prima facie case for summary judgment, the opposing party is obliged to marshall specific facts, as opposed

---

1. Although the judgment appealed here was entered in the same case where the Cheyenne Housing Authority had, earlier, obtained summary judgment, neither party designated any portion of those earlier proceedings for transmis-

sion to this court. We characterize the claims as the "same" by reference to the district court's Order Granting Summary Judgment to HOM, Inc.

to general or conclusory allegations, which establish genuine issues of material fact. *Thomas by Thomas v. South Cheyenne Water and Sewer Dist.,* 702 P.2d 1303, 1304 (Wyo.1985) (*quoting Roth v. First Sec. Bank of Rock Springs, Wyo.,* 684 P.2d 93, 95 (Wyo. 1984)). Without·deference to the district court's conclusions, appellate review indulges the pleadings of the party opposing summary judgment with the benefit of every favorable inference which may fairly be derived from the record. *Hanna v. Cloud 9, Inc.,* 889 P.2d 529, 532 (Wyo.1995).

Summary judgments merit exacting scrutiny in negligence actions. *MacKrell v. Bell H2S Safety,* 795 P.2d 776, 779 (Wyo. 1990). However, even when negligence is alleged, summary judgment may be appropriate. *Brown v. Avery,* 850 P.2d 612, 614–15 (Wyo.1993). This usually occurs because duty is the first essential element of any negligence action. *Danculovich v. Brown,* 593 P.2d 187, 195 (Wyo.1979). The existence of duty is a question of law for the court and without duty, negligence is not a viable theory of recovery. *Hill v. Park County By and Through Bd. of County Com'rs,* 856 P.2d 456, 458 (Wyo.1993) (*quoting MacKrell,* 795 P.2d at 779).

## IV. DISCUSSION

### A. IMPLIED COVENANT OF ORDINARY CARE

Duty sufficient to support an action for negligence may be engendered by common law, statute or contract. *Brubaker v. Glenrock Lodge Intern. Order of Odd Fellows,* 526 P.2d 52, 58 (Wyo.1974). In opposing summary judgment, the Tidwells asserted that HOM's duty took the form of an implied covenant of ordinary care.

Such an implied covenant may arise from a contract which creates a relationship engendering a duty to exercise ordinary care. *Id.* at 59. Although the duty at issue in *Brubaker* was between the parties to a contract, it is clear that such a duty may also extend to third-party beneficiaries in the proper circumstances. *Ely v. Kirk,* 707 P.2d 706, 710 (Wyo.1985). Here, however, the Tidwells, insisting themselves to be third-party beneficiaries, presented the district court with a housing voucher contract between the Cheyenne Housing Authority and Leonard Sullivan, two strangers to this appeal. Without a contract involving HOM, there can be little basis for a covenant, implied or otherwise.

Moreover, the Tidwells' case against HOM was not written upon a clean slate. *See CLS v. CLJ,* 693 P.2d 774, 775 (Wyo.1985). The district court had already found that no duty ran from the Cheyenne Housing Authority to the Tidwells. Not having appealed that judgment, the Tidwells cannot resurrect their moribund arguments against the Cheyenne Housing Authority in their suit against HOM.

Generally, when a court has decided an issue of fact or law necessary to its judgment, relitigation of the issue in a suit involving one of the parties to that judgment is precluded. *Atchison v. State of Wyo.,* 763 F.2d 388, 391 (10th Cir.1985). To permit the contrary is to imbue the courts with "the aura of the gaming table[.]" *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 329, 91 S.Ct. 1434, 1443, 28 L.E.2d 788 (1971). The certainty of that rule is enhanced where the legal duties of a second defendant are purely derivative of one in whose favor judgment has already been entered. *Reconstruction Finance Corporation v. First Nat. Bank of Cody,* 17 F.R.D. 397, 405 (D.Wyo.1955).

Appendix "A" to the Tidwells' appellate brief appears to be a contract between the Cheyenne Housing Authority and HOM, relative *inter alia,* to inspection of units for "the Section 8 Existing [Housing] Program[.]" By any stretch of the legal imagination, such an appendage remains much too little, submitted far too late and entirely improperly to serve as a cornerstone for the Tidwells' case. *Gifford v. Casper Neon Sign Co., Inc.,* 618 P.2d 547, 551 (Wyo.1980). Were that contract properly before us, however, it could not facilitate a more favorable result for the Tidwells in the absence of duty upon the Cheyenne Housing Authority.

The Tidwells' implied covenant of ordinary care claim against HOM necessarily requires them to establish their status as

third-party beneficiaries of the contract between HOM and the Cheyenne Housing Authority. We hold that third-party beneficiary claims against promisor HOM must, necessarily, be vulnerable to those defenses available to promisee Cheyenne Housing Authority as against the same claims. *Farmers' State Bank of Worland v. Nicholson*, 36 Wyo. 221, 226–27, 254 P. 134, 135 (1927). Insofar as the Cheyenne Housing Authority's defense to the Tidwells' claims has been the subject of a final and binding judgment, HOM may suffer no lesser fate at the hands of the Tidwells, at least upon any third-party beneficiary theory. Third-party beneficiaries depend upon a clear duty exacted from the promisor by the promisee in favor of the third party seeking relief. *McNeill v. New York City Housing Authority*, 719 F.Supp. 233, 249 (S.D.N.Y.1989). When the promisee has been absolved of duty to the third party, the nexus between the promisor and the third party is irretrievably broken.

Assuming, *arguendo,* that the Cheyenne Housing Authority's lack of duty to the Tidwells did not obviate a duty to exercise ordinary care, as between HOM and the Tidwells, *Brubaker* remains far less than a foundation upon which the Tidwells might build a claim. The *Brubaker* holding is limited to unskillful or negligent construction as expressly contrasted with use and failure to inspect. *Brubaker,* 526 P.2d at 57–59.

**B. STATUTORY DUTIES**

The Tidwells also claim that HOM owes them a duty because they are beneficiaries of Section 8 (42 U.S.C. § 1437f) housing assistance, administered by the Cheyenne Housing Authority for HUD. This theory, too, is made problematic by the district court's judgment finding that the Cheyenne Housing Authority owed no duty to the Tidwells.

Nonetheless, because HOM provided rental inspection services to the Cheyenne Housing Authority, the Tidwells assert a cause against HOM for failure to comply with regulations promulgated by HUD which resulted "in a duty by HOM, Inc., to provide safe, sanitary and decent housing for low income people."

■ Vindication of statutory entitlements may occur through declaratory judgments against the governmental agency charged with administering the statutes in question. *See, e.g., Davidson v. Sherman,* 848 P.2d 1341 (Wyo.1993) and *Wright v. City of Roanoke Redevelopment and Housing Authority,* 479 U.S. 418, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987). Such an action is inapposite here because, as the Tidwells correctly insist, HOM is not a governmental entity but an independent contractor doing business with a governmental entity. Therefore, although the Tidwells seek relief based upon statute, their cause of action against HOM is a "private" cause of action.

■ Private rights of action arising from statute may, generally, be pursued either where the statute creates such a private right or the claimant can establish his status as a third-party beneficiary of a contract made to fulfill a governmental obligation. Anthony Jon Waters, *The Property in the Promise: A Study of the Third Party Beneficiary Rule,* 98 Harv.L.Rev. 1109, 1173 (1985). However, even if statutory violations are demonstrated, a private cause of action may not lie in the face of congressional silence. *Touche Ross & Co. v. Redington,* 442 U.S. 560, 571, 99 S.Ct. 2479, 2486, 61 L.Ed.2d 82 (1979); *Cannon v. University of Chicago,* 441 U.S. 677, 688, 99 S.Ct. 1946, 1953, 60 L.Ed.2d 560 (1979). No private cause of action is claimed or can be discerned from 42 U.S.C. § 1437f. This leaves us on the thin ice of enforcing governmental obligations as third-party beneficiaries.

■ Failure to broach third-party beneficiary status before the district court, vis-a-vis the statute, should doom the Tidwells' efforts to raise it for the first time here, despite the parties' obsession with the topic in their briefs. *Ford v. Starr Fireworks, Inc.,* 874 P.2d 230, 235 (Wyo.1994). That obsession cannot gainsay the issue's unrecognized status before the district court, even in the context of arguments concerning the putative covenant of ordinary care. Suffice it here to say that the Tidwells' claims of statutory duty are stymied at the familiar threshold of the district court's binding judgment that the

Cheyenne Housing Authority owed no duty to the Tidwells.

Duty upon the Cheyenne Housing Authority is a *sine qua non* for the Tidwells' efforts to impose a duty upon HOM, whether by common law, contract or statute. When the district court found no duty upon the Cheyenne Housing Authority, the Tidwells were foreclosed from asserting any duty upon HOM.

## V. CONCLUSION

The district court found the Cheyenne Housing Authority to be without an enforceable duty to the Tidwells and that judgment was not appealed. A generous district court afforded the Tidwells a second bite of the jurisprudential apple by considering their suit against HOM. However, reversal of the district court's summary judgment in that second cause would be nothing less than sanctioning unwarranted collateral attack upon the first judgment. *Travis v. Travis' Estate,* 79 Wyo. 329, 335–38, 334 P.2d 508, 510–11 (1959).

The judgment of the district court should be and hereby is affirmed.