Thomas L. **MIZE** and Robin Crowley–Mize, Appellants (Plaintiffs),

v.

**NORTH BIG HORN HOSPITAL DISTRICT, a Corporate Body; and L. Stanley Naramore, .D.O., Appellees (Defendants).**

No. 96–8.

Supreme Court of Wyoming.

Jan. 23, 1997.

James P. Castberg, Sheridan, for appellants.

Michael K. Davis and John G. Fenn of Yonkee and Toner, Sheridan, for North Big Horn Hosp. Dist.

Robert M. Shively of Shively Law Offices, P.C., Richard R. Jamieson, Casper, for L. Stanley Naramore, D.O.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN,* and LEHMAN, JJ.

TAYLOR, Chief Justice.

Late in 1993, Thomas L. Mize twice visited Stanley Naramore, D.O., complaining of back pain. Dissatisfied with the outcome, Mr. Mize and his wife sued Dr. Naramore and

* Chief Justice at time of oral argument.

the hospital he worked for, alleging that Dr. Naramore's treatment left Mr. Mize a virtual cripple with an equally debilitating drug dependency. Unable to generate any genuine issue of material fact concerning the cause of Mr. Mize's ills, appellants saw their case succumb to summary judgment. We affirm.

## I. ISSUES

Appellants posit the following errors in the district court's handling of their case:

I. The trial court erred in granting the defendants' motion for summary judgment, after entering a protective order preventing the plaintiffs from taking the deposition of defendant Naramore.

II. The trial court erred in granting the defendants' motion for summary judgment in relying on Dr. Campbell's affidavit and supplemental affidavit and finding that the plaintiffs failed to establish causation.

III. The trial court erred in granting the defendants' motion for summary judgment in that there were many genuine issues of material fact.

Appellee, North Big Horn Hospital District (the hospital), presents a single issue for review:

Did the Trial Court properly grant summary judgment in this medical malpractice case when Appellants were unable to produce expert testimony to establish that errors claimed on the part of Dr. Naramore caused Plaintiff Tom Mize['s] injury?

Appellee, L. Stanley Naramore, D.O. (Dr. Naramore), states the following issues:

I. Whether the district court erred in considering the affidavit of Mark T. Murphy, M.D.?

II. Whether the appellants failed to take advantage of court orders and court rules which would have allowed them to take the appellee Naramore's deposition prior to the hearing for summary judgment?

III. Whether the trial court properly granted summary judgment for the reason that there was no genuine issue of material fact on the issue of causation and that appellees were entitled to judgment as a matter of law?

## II. FACTS

Thomas L. Mize (Mize) suffered chronic back problems of an unspecified nature. Prior to seeing Dr. Naramore, Mize had been taking substantial amounts of analgesic medications. In November of 1993, Dr. Naramore examined Mize who was complaining of back pain occasioned by arising from a sofa. The nature and extent of that examination, as well as whether or not a follow-up visit was arranged, are matters of dispute between Dr. Naramore and appellants. The parties agree, however, that Dr. Naramore prescribed several medications for Mize's pain and ordered bed rest. Approximately one week later, Mize returned to his normal activities while continuing to use the medications prescribed by Dr. Naramore, who placed no restrictions on Mize's activities. Mize continued to experience pain in his back and legs.

On December 29, 1993, Mize suffered increased pain in his back which radiated down his legs following strenuous exertion. The next day, Mize saw Dr. Naramore and was admitted to the hospital. The nature of Dr. Naramore's treatment and Mize's compliance with Dr. Naramore's directions are in dispute. Suffice it to say that Mize left the hospital one day later of the opinion that he was deriving no benefit from hospitalization and would feel more comfortable at home.

Three months later, Mize saw a medical doctor who diagnosed chronic back pain with signs and symptoms of a herniated disc, depression, and probable narcotic addiction. The medical doctor placed Mize on several medications, including pain medications which were similar to those prescribed by Dr. Naramore but not as addictive.

Appellants filed suit in Big Horn County, alleging seven counts of negligence on the part of Dr. Naramore and the hospital. Based upon adverse publicity in the Big Horn Basin, Dr. Naramore asked for and eventually received a transfer of trial. However, Dr. Naramore's civil problems in Wyoming remained marginal compared to pend-

ing homicide charges in Kansas, to which state he was extradited in mid–1994. Repeated efforts by appellants to depose Dr. Naramore were frustrated by the attorney representing Dr. Naramore in Kansas, notwithstanding the Wyoming court's efforts to insure that Dr. Naramore would not be prejudiced in the Kansas matter by submitting to a deposition in the instant case.

Notwithstanding his unavailability for deposition, Dr. Naramore filed a motion for summary judgment, supported by the affidavit of another Doctor of Osteopathy. The hospital joined in that motion and a supplemental affidavit was also filed, directly addressing the issue of causation. After asking for additional time in which to depose Dr. Naramore, appellants filed their response to appellees' motion for summary judgment, supported by affidavits of Mr. and Mrs. Mize, as well as that of the medical doctor who saw Mr. Mize three months after his hospitalization. The district court denied appellants' request for additional time, while providing them the following accommodation:

> To the extent that any expert listed by the plaintiff in good faith believes that it requires testimony from the defendant L. Stanley Naramore, D.O. in order to support any opinion testimony that he might have, he shall so state by affidavit timely filed.

No such affidavit was filed and the district court granted summary judgment to Dr. Naramore and the hospital predicated upon appellants' failure to establish any material issue of fact as to the causation of Mr. Mize's medical problems. This timely appeal follows.

### III. STANDARD OF REVIEW

Little mystery remains concerning our willingness to affirm summary judgments, provided there is no genuine issue of material fact and the law clearly entitles the moving party to prevail. *Martin v. Farmers Ins. Exchange,* 894 P.2d 618, 620 (Wyo.1995). We consider summary judgment from the same perspective employed by the district court, using the same materials and standards, examining the record in a light most favorable to the party opposing summary

judgment and giving that party the benefit of all favorable inferences fairly to be drawn from the record. *Martin v. Alley Const., Inc.,* 904 P.2d 828, 831 (Wyo.1995).

The moving party bears the initial burden of establishing a prima facie case for summary judgment. Thereafter, the party opposing summary judgment becomes obliged to marshal specific facts, as contrasted with general or conclusory allegations, which establish a genuine issue of material fact. *Tidwell v. HOM, Inc.,* 896 P.2d 1322, 1324–25 (Wyo.1995).

> A material fact has been defined as one having some legal significance, that is, under the law applicable to a given case, it would control in some way the legal relations of the parties; as one upon which the outcome of litigation depends in whole or in part; as one on which the controversy may be determined; as one which will affect the result or outcome of the case depending upon its resolution; and one which constitutes a part of the plaintiff's cause of action or of the defendant's defense.

*Johnson v. Soulis,* 542 P.2d 867, 871–72 (Wyo.1975) (footnotes omitted).

### IV. DISCUSSION

#### A. INABILITY TO DEPOSE DR. NARAMORE

Appellants claim that their case was prejudiced by their inability to depose Dr. Naramore prior to the summary judgment hearing. The hospital acknowledges that it is normal practice for plaintiffs in a malpractice case to depose a defendant physician, a proposition with which neither the district court nor this court has any difficulty. It was the plaintiffs, however, who initially pressed the issue, over Dr. Naramore's motion for stay in all proceedings, protesting that such a stay "would unduly delay, hinder, and handicap the Plaintiffs in the preparation for trial and the final determination of the issues in this matter." Although appellants finally relented, moving for a continuance pending Dr. Naramore's availability, the district court remained on the horns of a very real dilemma. To prevent the case from

languishing indefinitely while insuring that appellants would have access to needed information, the district court afforded appellants an opportunity to demonstrate their need for Dr. Naramore's deposition in precisely that fashion prescribed by this court:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

W.R.C.P. 56(f). The district court's invitation to appellants to file affidavits evidencing their need for Dr. Naramore's deposition went unheeded. Under such circumstances, we can find no abuse of discretion in the district court's refusal to allow appellants' request for a further continuance and decision to proceed with appellees' motion for summary judgment. *Brown v. Avery,* 850 P.2d 612, 616 (Wyo.1993).

■ Appellants also suggest that they were hampered by an implied failure of appellees to provide *all* of Dr. Naramore's medical charts with respect to Mr. Mize. If, indeed, such a problem existed, there is nothing in the record to suggest that it was raised in the district court. In fact, the affidavit of appellants' medical expert indicates that he only formed his opinions after reviewing the records of the hospital and Dr. Naramore concerning Mr. Mize. In conducting appellate review of a summary judgment, we may go no further than consideration of the record as it existed at the time the district court ruled, and we decline appellants' invitation to consider arguments never presented to the district court based upon matters not included in the record. *Pekas v. Thompson,* 903 P.2d 532, 535 (Wyo.1995).

## B. CAUSATION

■ Citing numerous issues of fact in the record concerning Dr. Naramore's examination and treatment of Mr. Mize as well as whether or not Dr. Naramore's treatment departed from the accepted standard of medical care or treatment, appellants are incredulous that the district court could possibly have granted summary judgment. It is hardly a secret, however, that a malpractice plaintiff seeking to avoid summary judgment "'has the obligation to establish (1) the accepted standard of medical care or practice, (2) that the doctor's conduct departed from the standard, and (3) that his conduct was the legal cause of the injuries suffered.'" *Harris v. Grizzle,* 625 P.2d 747, 751 (Wyo. 1981) (*quoting Orcutt v. Miller,* 95 Nev. 408, 595 P.2d 1191, 1193 (1979)).

■ In Wyoming, it is virtually axiomatic that a plaintiff hoping to surmount summary judgment must present evidence indicating that it was the medical practitioner's departure from a recognized standard which was the proximate cause of the plaintiff's injury. *Havens v. Hoffman,* 902 P.2d 219, 222 (Wyo. 1995) (*quoting Roybal v. Bell,* 778 P.2d 108, 112–14 (Wyo.1989)).

Dr. Naramore's memorandum in support of his motion for summary judgment, supported by affidavit, reiterated his affiant's expert medical opinion:

> [T]hat Mr. Mize's back complaint, as well as his usage of painkillers and other drugs was of a long-standing nature and that nothing done by Dr. Naramore in any way contributed to, exacerbated or caused any of Mr. Mize's complaints, additional back injury, or additional usage of pain killers and other drugs.

A supplemental affidavit filed by the medical expert specified records from thirty-six separate health care providers and pharmacies which had been reviewed in formation of his opinion as to the long-standing nature of the problems which appellants attribute to the negligence of appellees.

■ Clearly, appellees had created a prima facie case in support of summary judgment, refuting the claim that their negligence, if any, was the cause of Mr. Mize's problems. Appellants, thereafter, simply failed to produce any expert medical evidence which would establish a causal connection between the conduct of appellees and appellants' complaints. The gist of appellants' argument to this court is the proposition that

a jury should be permitted to *infer* causation from evidence of Mr. Mize's problems and evidence of Dr. Naramore's substandard care. In Wyoming, however, the rule is quite clear. "In medical malpractice cases we require expert opinion to prove proximate cause. *Harris,* 625 P.2d at 753 (*citing Keller v. Anderson,* 554 P.2d 1253 (Wyo.1976))." *Meyer v. Mulligan,* 889 P.2d 509, 516 (Wyo. 1995).

The logic behind this rule is articulated in the hospital's appellate brief:

> The human body is a wondrously complex machine which is constantly subjected to a variety of external forces, the effects of heredity, and the ravages of time. All of these factors are sometimes compounded by bad habits or bad luck. It is very reasonable to require the plaintiff in a malpractice case to isolate the medical care he criticizes from the universe of potential causes of pain and addiction.

### V. CONCLUSION

■ Granting, as we must, appellants' case the benefit of every favorable inference to be drawn from the record, it is clear that factual disputes abound as to the exact definition of a standard of care in this case as well as whether Dr. Naramore met that standard in his care and treatment of Mr. Mize. Appellants, however, failed to marshal any specific facts from which the district court could find a genuine issue of material fact as to the cause, proximate or otherwise, of Mr. Mize's ills. Causation is a *sine qua non* for maintenance of a malpractice case, leaving resolution of every other factual dispute in appellants' favor insufficient to avoid summary judgment. The decision of the district court is, therefore, affirmed.